COOPER v. DEAL, *Appellant.*

Division One, March 13, 1893.

1. **Reformation of Deed:** OUSTER IN EJECTMENT: STATUTE OF LIMITATIONS. Where one is ejected under an erroneous judgment obtained by means of a deed in which there was a latent ambiguity first brought to light in such action of ejectment, he will have ten years in which to bring suit to reform the deed running from the date of the ouster under the ejectment.

2. **Deed:** CONSTRUCTION: PRESUMPTION: AMBIGUITY. The rule that every presumption is to be made in favor of a deed being a correct expression of the intention of the parties and that evidence of mistake must be clear and conclusive, is properly applied in a case where the terms of the deed and their application are unequivocal, but is inapplicable in a suit to reform an ambiguous deed, where the presumption is just as strong that one call is the correct one as the other; in the latter case, which is correct, must be determined by a preponderance of the evidence.

3. ——: ——: ——: ——. The evidence in this case *held* sufficient to support the decree of the trial court reforming the deed and restoring the grantee to a portion of the premises from which he had been ejected by the grantor.

Cooper v. Deal.

*Appeal from Iron Circuit Court.*—Hon. John L. Thomas, Judge.

Affirmed.

*J. J. Russell* for appellant.

(1) The petition of plaintiff does not state a cause of action. *First.* For the reason that it states no equity. It does not state facts showing either a mutual mistake of the parties or fraud on the part of the defendant Deal. The general allegation of fraud or mistake is not enough. Bliss on Code Pleading [2 Ed.] sec. 211. *Second.* For the reason that the plaintiff's right of action, if any ever existed, has long since been barred by the statute of limitations. The petition and evidence show that the deed was made and delivered October, 1875, about thirteen years before the suit was filed. *Hoester v. Sammelmann*, 101 Mo. 619. The right of action, if one existed, accrued to plaintiff in 1875 on the delivery of the deed, and the evidence of the plaintiff's witness and attorney, Sol Kitchen, shows the plaintiff was advised exactly of the words of the deed at the time of its delivery. (2) This is an action to reform a deed, and the question to be determined is whether or not there was fraud or mistake in its execution. Before the court should grant a decree to change a deed, which is the solemn act of the parties at the time, and that carries with it every natural and legal presumption of a correct expression of their contract, the evidence must be plain and conclusive. The same testimony is required to establish a mistake in a written instrument as is necessary to establish a trust. *Leitensdorfer v. Delphy*, 15 Mo. 160; *Bunse v. Agee*, 47 Mo. 270; *Modrell v. Riddle*, 82 Mo. 31; *Burdette v. May*, 100 Mo. 13. It is not pretended now that there was fraud on the part of the defendant, hence it is only left

to determine whether there was a mistake. In order to determine the question of mistake, we should simply find whether Deal did or did not sell the land in dispute. For that purpose we respectfully call attention to the testimony. (3) This court is not concluded by the finding of the lower court upon the facts, but this is a proper case for the court to carefully consider and weigh all the testimony and render the proper judgment. *Bradley v. Welch*, 100 Mo. 258. There was no oral testimony offered except the two parties to the suit, and hence this court can very properly determine the weight that should be given to the evidence. The plaintiff failed to make out a case warranting the reformation deed.

*Houck & Keaton* for respondent.

(1) The petition states facts sufficient to constitute a cause of action, and the evidence fully sustains the allegations and warrants the judgment which should be affirmed. *Gray v. Hanbeck*, 31 Mo. 400; Revised Statutes, sec. 2039; *Clark v. Clark*, 86 Mo. 124; *Corrigan v. Linney*, 100 Mo. 280. (2) There is clearly a latent ambiguity in the deed. It does not appear upon the face of the deed whether or not two hundred and fifty feet runs to the line dividing the northwest, southwest and southwest, southwest, 23; but, when extrinsic proof is applied, then two tracts of land appear, which will answer the description in the deed. *Hardy v. Mathews*, 38 Mo. 121. And respondent should have applied to a court of equity to reform the deed. *Jennings v. Briezeadine*, 44 Mo. 335. (3) The evidence is clear and conclusive that defendant sold, and the Coopers bought to line dividing the northwest, southwest and southwest, southwest, 23, and the court should make

the deed speak the language of the contract. *Corrigan
v. Linney*, 100 Mo. 276; *Reed v. Canal Co.*, 8 How.
(U. S.) 277.   (4) Appellant cannot invoke the statute
of limitations. *Michel v. Lensey*, 69 Mo. 442; Revised
Statutes, secs. 6764, 6768.  The statute began to run
only from the wrongful ejectment of respondent by
appellant under the fraudulent judgment. *Dunn v.
Miller*, 96 Mo. 324.

BRACE, J.—This is an action to reform the descrip-
tion in a deed executed by the defendant, Henry J.
Deal, dated October 22, 1875, in which he conveyed to
James A. and Andrew F. Cooper a tract of land in
Stoddard county by the following description:

"Commencing at a stake fifty feet south of the
center of the line of the Cairo, Arkansas & Texas rail-
road where said railroad crosses the section line between
sections 22 and 23 on the west line of the northwest
quarter of southwest quarter of said section 23, thence
south two hundred and fifty feet, more or less, with the
section line to a stake, thence east, with the line divid-
ing the northwest quarter and the southwest quarter of
the southwest quarter of said section 23, six hundred and
sixty feet, more or less, to the middle of the northwest
quarter of the southwest quarter of said section 23 to a
stake, thence north to the south line of the right of
way of said Cairo, Arkansas & Texas railroad, thence
in a southwesterly direction along the right of way
line aforesaid to the place of beginning, being in
township 25 north, of range 10 east."

Under this deed the plaintiff was in the actual pos-
session of a tract of about ten acres of land contained
within the lines A B C D A on the following diagram:

In January, 1883, defendant commenced an action in ejectment against him, which came to this court on appeal from a judgment in favor of Deal for so much of said ten acres as is contained within the lines E B C F E which judgment was affirmed by this court at its October term, 1887.   94 Mo. 62.

The line B C in the diagram is the south line of the northwest quarter of the southwest quarter, section 23, *i. e.*, "the line dividing the northwest quarter and the southwest quarter of section 23."

In the ejectment suit the plea was a general denial, and, in affirming the judgment of the circuit court,

BLACK, J., speaking for the court said: "The first call in the deed, it will be seen, is from the railroad south two hundred and fifty feet, more or less, to a stake; and the second call is, thence east with the line dividing the northwest quarter and southwest quarter of southwest quarter of said section, etc. When we apply the description to the land it is shown that the first call of two hundred and fifty feet does not go to the dividing line between the two forty-acre tracts by four hundred and ten feet, which four hundred and ten feet is the west line to the six acres; but because the second call is east 'with' the dividing line, the defendant's claim is, that the first call must go to it. The call for the stake is a call for a monument, and there is no pretense that this stake was planted in the dividing line between the two forties or at any other place than just two hundred and fifty feet south of the railroad. It is manifest that when the second call says 'east with,' etc., it means 'east *parallel* with,' etc. When the deed, applied to the subject-matter, shows a manifest omission in the description, and there is sufficient data furnished by the deed to supply the omission, the omission will be supplied by construction."

The parallel line called for in the second call under this construction of the deed is the line E F on the diagram, drawn from a point two hundred and fifty feet south of A (the starting point), east to the line of the third call, and thus the plaintiff lost about six acres of the land of which he was in possession and which he claimed under said deed. Thereupon he instituted this suit on the thirteenth day of April, 1888, in which he seeks to correct the reading of the first call in said deed so as to make it conform to what he alleges was the true intention of the parties at the time said deed was made, and which had been defeated by the fraud or

mistake of the defendant in inserting the false and ambiguous description aforesaid in said deed.

The trial court found the issues in his favor and decreed, "that said deed be reformed, the ambiguity removed therefrom, and the description therein be as follows:" Here follows the reformed description, which is the same as the original description in the deed, except that the west line which is described in the deed as "thence south two hundred and fifty feet more or less with the section line to a stake," is made to read: "Thence south along and with the line dividing sections 22 and 23 to a stake at the southwest corner of the southwest quarter of the northwest quarter of the southwest quarter of section 23." The change in effect simply eliminated the words "two hundred and fifty feet more or less" from the original description of the west line, making the line (AB) six hundred and twenty-seven and one half feet long, instead of the line A E two hundred and fifty feet long as construed by this court on the face of the deed to be the west line of the land conveyed, thereby restoring to the plaintiff the six acres which he lost in the ejectment suit, for the recovery of the possession of which the court entered judgment for the plaintiff and for rents and profits from the date of his ouster under the judgment in ejectment, and the defendant appealed.

I. The amended petition upon which the case was tried contained a full and concise statement of facts constituting a cause of action calling for the interposition of a court of equity on the ground of fraud or mistake; and plaintiff's cause of action was not barred by the statute of limitation.

In *Dunn v. Miller*, 96 Mo. 324, where a party was ejected under an erroneous judgment, obtained by means of a fraudulent deed brought to light on the trial, we held that the ten years statute (Revised

Statutes 1879, sec. 3219) was the one applicable to such a case and that the statute began to run against the plaintiff when he was ousted under the judgment. The same ruling should obtain in this case if the plaintiff was ejected under an erroneous judgment obtained by means of a deed in which there was a latent ambiguity first brought to light in that suit when it became necessary to apply the description to the property.

II. The principal contention of the appellant is that the decree is not supported by the evidence. In support of this contention he urges, that, before the court should have granted a decree to change the deed, the evidence of a mistake in the instrument ought to have been clear and conclusive, and that every presumption is to be made in favor of the deed being a correct expression of the intentions of the parties. This is undoubtedly correct in a case where the terms of the deed and their application are unequivocal. But that is not the case here, for, when we come to apply the terms of this deed to the property conveyed, we find a call for a stake at E, or two hundred and fifty feet more or less south of the railroad right of way on the section line; *or* a call for a stake on that line at B, where it crosses the dividing line between the northwest and southwest quarters of the southwest quarter of the section, *as the case may be*. The call for one corner is just as imperative as for the other; and, when it was shown in evidence that there had been two surveys of the land intended to be conveyed before the deed was made, and if a stake had been planted at E in one of them there also had been one planted at or near the southwest corner B in the other, which last stake was there when the deed was executed, the presumption was just as strong that B was the correct corner as that E was. Which was the correct one was then to be determined by the preponderance of the evidence.

III. The negotiations for the land were conducted between the defendant and James A. Cooper, the father of the plaintiff. They were consummated in the fall of 1875, and the Coopers went into possession of the whole tract down to the south line BC, extending their fence nearly to that line, and placing other structures upon the disputed tract. Their possession was open, notorious and peaceable until after the father's death in 1877. His death closed the mouth of the plaintiff, and we have no direct and positive evidence from the parties as to the terms of the sale. The Coopers after the execution of the deed always occupied and claimed the ten acre tract A B C D A as the land purchased by them and conveyed by said deed. The consideration paid therefor as expressed in the deed was $350, and there was evidence tending to show that the price agreed upon between the parties for the land that was purchased was $35 per acre, and that $350 was a fair price for the whole tract.

There was much other evidence *pro* and *con* upon the question at issue, all of which was duly weighed and thoroughly analyzed in an exhaustive opinion by the learned judge who tried the case below, late an associate of ours on this bench, (filed in the case) a copy of which we find among the papers here. It would serve no good purpose to review that evidence again in this opinion.

It is sufficient to say that after going carefully through it and giving it due consideration, we reach the same conclusion that Judge THOMAS did. The judgment will therefore be affirmed. All concur.