THE UNION BANK OF TRENTON, Respondent, v. FIRST
NATIONAL BANK OF MILAN, Appellant.

**Kansas City Court of Appeals, January 6, 1896.**

1. **Trial Practice:** EVIDENCE. Evidence that only tends to confuse
and obscure the real issues should not be permitted to go to the jury.

2. **Chattel Mortgages:** BURDEN OF PROOF: INSTRUCTION. Plain-
tiff claimed the proceeds of certain cattle under a chattel mortgage
from one W. Defendant claimed the cattle under a mortgage of
later date from W. & J. *Held,* that an instruction declaring that
there was a presumption that the property described in the mortgage
from W. was owned by him, at the making of the mortgage, and
that the burden was on the defendant to show they were the property
of W. & J., was erroneous; the burden was on plaintiff to show the
cattle were the property of W.

3. **Trial Practice:** CONFLICTING INSTRUCTIONS. An instruction for
the defendant in this case that the burden was on the plaintiff to
show every material fact and circumstance necessary to establish
his case, is in conflict with the preceding instruction and was likely
to work serious detriment to the merits and justice of the case.

*Appeal from the Linn Circuit Court.*—HON. W. W.
RUCKER, Judge.

REVERSED AND REMANDED.

*John P. Butler* for appellant.

(1) The court erred in the admission and exclu-
sion of evidence to the defendant's prejudice. (2) The
court improperly declared the law in plaintiff's fifth in-
struction given, and wrongfully refused to declare the
law for the defendant whereby the jury was misled.
*Gartside v. Nixon,* 43 Mo. 138; *Scott v. Riley,* 49 Mo.
App. 252; *Bayliss v. Lefaivre,* 37 Mo. 119; *Baker v.
Campbell,* 32 Mo. App. 530; *Stone v. McNealy,* 59 Mo.
App. 396; *McMahill v. Walker,* 22 Mo. App. 170.

*Geo. Hall & Son* for respondent.

(1) The plaintiff's mortgage being on record in the county where the mortgagor resided and the property was situated at the time the mortgage was given, it was binding on the defendant, and it was liable for the proceeds of the mortgaged property that came into its possession. *Bank v. Metcalf*, 29 Mo. App. 384; *Ibid*, 40 Mo. App. 494; *Bank v. Bank*, 50 Mo. App. 92; *Bensist & Hackney v. Siter, Price & Co.*, 9 Mo. 657; *Bank v. Morris*, 114 Mo. 255; *Wheeler v. Stanley*, 50 Mo. 511; *Hornthal v. Burwell*, 109 N. C. 10, 26 Am. St. Rep. 556; *Edgerly v. Bush*, 81 N. Y. 199; *Mumford v. Canty*, 50 Ill. 370, 99 Am. Dec. 525; *Clark v. Bank*, 57 Mo. App. 277; Johnson v. Bank, 56 Mo. App. 257. (2) If the cattle included in the mortgage to the Union bank or any part of them were afterward intermixed with the partnership cattle of W. P. and Joe E. Gibson, the whole of them became liable for its mortgage debt. 1 Am. and Eng. Encyclopedia of Law, page 58; *Willard v. Rice*, 45 Am. Dec. (Mass.) 226; *Stephenson v. Little*, 10 Mich. 441; *Smith v. Sanborn*, 6 Gray, 136; *Adams v. Wild*, 107 Mass. 125; *Putnam v. Cushing*, 10 Gray (Mass.), 334; *Simons v. Jenkins*, 76 Ill. 479; *Fowler v. Merrill*, 11 How. (U. S.) 375; *Thorpe v. Cowels*, 55 Iowa, 408; *Greene v. Cooperage Co.*, 56 Mo. App. 202; *Stark v. Mesher*, 55 Mo. App. 26. (3) The appellate court will not reverse a case for insufficient evidence, if there is any evidence to support the finding of the jury. *Krider v. Milner*, 99 Mo. 145; *Millan & Abbot v. Parker*, 31 Mo. App. 145; *Blanton v. Doll*, 109 Mo. 64; *Burks v. Railroad*, 51 Mo. App. 491; *Rainwater v. Burr*, 55 Mo. App. 468. Not unless error was committed materially affecting the rights of appellant. R. S. 1889, sec. 2303; *Mitchell v. Bradstreet Co.*, 116 Mo. 226.

GILL, J.—The plaintiff bank of Trenton sued the defendant bank of Milan, in trover and conversion, for its alleged interest, as mortgagee, in fifty-five head of cattle, which one W. P. Gibson sold at Chicago, in October, 1892, and the proceeds of which were received by said Milan bank and appropriated by it, to the satisfaction of a claim which it (Milan bank) held against said W. P. Gibson, the said Milan bank at the time having knowledge of the Trenton bank's mortgage lien.

W. P. Gibson was a farmer and cattle dealer, residing on his farm in Sullivan county. In April, 1891, said W. P. Gibson, to secure $2,000 borrowed money, made to plaintiff a chattel mortgage covering in terms "one hundred and twenty-five neat cattle, described as two year old steers, owned by me free of incumbrance and on my premises in said Sullivan county." Plaintiff claims under this mortgage; alleges that said fifty-five head of cattle, so sold in Chicago, in October, 1892, and the proceeds whereof turned over to defendant, were a portion of the stock covered by its mortgage of April, 1891.

During this same period, and beginning about December, 1890, said W. P. Gibson and his brother, Joe. E. Gibson, were engaged in a partnership cattle business, at the George W. Gibson farm, which was jointly rented by them, in the adjoining county of Linn. In March, 1892, these two partners (W. P. and Joe E. Gibson) executed to the defendant bank a chattel mortgage, covering in terms "one hundred and seven head of three year old steers, now in Linn county, Missouri, on the farm of Geo. W. Gibson," and other property. This mortgage was made to secure a balance of money borrowed in the name of said W. P. Gibson. The defendant claimed the money in dispute, and which came

from the sale at Chicago, as funds arising from the sale of the cattle described in this last named mortgage; that the said fifty-five head of cattle constituted a portion of the stock coming from the Linn county farm, and which was owned by the partnership, Gibson Brothers, and on which it secured a mortgage, as above stated, in March, 1892.

At the trial below, plaintiff had a verdict and judgment for $1,267.56, which was the balance due on their mortgage, and defendant appealed.

In the foregoing statement of the case we have omitted mention of much of the testimony, because we regard it as immaterial, or at least unnecessary for the purposes of this opinion. We fail to observe any connection between the matters here in issue and the chattel mortgage given by W. P. Gibson, in March, 1891, or any substantial reasons for injecting it into this record. Although it was antecedent to either of the mortgages under which the parties are now claiming, it was, at the time the cattle in question were sold, of no validity, since it had been long since satisfied of record. Something is said in the instructions as to the claim that its satisfaction may have been procured by fraud, but of this there was no substantial evidence, and the presence, therefore, of this mortgage at the trial, and the testimony in connection therewith, could only tend to confuse and obscure the real issues. Plaintiff's rights in this controversy must come from the chattel mortgage given to it by W. P. Gibson, in April, 1891, while defendant's are based on that executed in March, 1892, by the partnership of W. P. and Joe E. Gibson. If plaintiff, in April, 1891, got from W. P. Gibson a valid mortgage, covering the cattle in dispute, and said cattle were at the time the individual property of said W. P. Gibson, then it secured a lien thereon, good as against this defendant, for it stands

undisputed that immediately after its execution the instrument was duly recorded in the proper office of the recorder of deeds and such recording gave due notice to the defendant and all others dealing with the property.

The burden of this showing rested on the plaintiff. It came into court asserting a right under this mortgage so secured from said W. P. Gibson. We make this suggestion in view of calling attention to an instruction which the court, erroneously we think, gave to the jury. It reads as follows: "The presumption is that the property described in the mortgage from W. P. Gibson to the plaintiff, Union bank, was owned by said Gibson, and it devolves upon the defendant to satisfy the jury by a preponderance of the evidence that the same was, at the time of the giving of said mortgage, the partnership property of said W. P. Gibson and Joseph E. Gibson."

This instruction was clearly in conflict with the rule of law above referred to. It in effect told the jury that the mere execution of a mortgage by W. P. Gibson, describing certain cattle, made a *prima facie* case that he, Gibson, at the time, owned the same, and cast upon defendant the burden of proving the contrary. The court, however, at the instance of defendant, gave this instruction: "The jury are instructed that the burden of proof in this case is upon the plaintiff to show by a preponderance, that is, a greater weight of all the testimony, every material fact and circumstance necessary to establish his case, and unless he has so established the same, their verdict must be for the defendant."

But how are we to know which of these instructions the jury may have followed? They are in manifest conflict and both entitled to the same consideration by the triers of the fact. In a controversy like this,

such an instruction may work serious detriment to the merits and justice of the case; and after a careful reading of this record it seems probable that an unjust verdict was thereby attained.   A consideration of the evidence adduced at the trial is, it seems to me, quite convincing that the cattle in dispute did not, at the date of the plaintiff's mortgage, belong to W. P. Gibson, but that they composed a part of the herd owned by the partnership of W. P. and Joe E. Gibson.

An examination of other points made in appellant's brief discloses no substantial error.   The instructions, except as above stated, seem to be substantially correct.

The judgment will be reversed and cause remanded.   All concur.