James McDermott, Respondent, v. Alice C. Judy's Administrator, Appellant.

67  647
78  293

St. Louis Court of Appeals, December 8, 1896.

1. **Proof, Order of:** DISCRETIONARY POWER OF COURT. The order of proof is largely within the discretion of the trial court, and the admission of evidence which may or may not be relevant, depending on its connection or lack of connection with other evidence subsequently, is not necessarily erroneous, though it would become so if such connection fails. But an expression of opinion by a witness, based merely upon an assumed state of fact, shown not to exist, may be disregarded, as having no evidentiary force.

2. **Evidence, Relevancy of.** On objection for irrelevancy, evidence offered, having no tendency to prove any issue in the case, is properly excluded.

3. **Demands Against Estate of Decedent:** VALUE OF SERVICES: PROOF. In a suit for allowance of two demands against the estate of a decedent for services rendered deceased, submitted and tried jointly *de novo* in the circuit court, the jury returning separate findings as to each, where, in the case of the larger claim, the allowance was more than double what it could have been under the evidence, and in the case of the smaller, the jurors were without proof as to the length of time plaintiff was engaged in rendering the services,—Held: That in the former case the finding was excessive, and in the latter the jurors could not estimate the value of his services, and plaintiff could not recover more than a nominal sum.

4. **Instructions:** COMMENTS ON EVIDENCE. Instructions which comment on the evidence are properly refused.

*Appeal from the St. Louis City Circuit Court.*—Hon. Thomas A. Russell, Judge.

Reversed and remanded.

*C. A. Schnake* and *T. H. Culver* for appellant.

The court erred in admitting in evidence the inventory of the estate. It had no tendency to prove

any issue in the case, and was incompetent and irrelevant. 1 Greenlf. Ev., sec. 52.

Its introduction was also improper, because it tended to raise the passion of the jury as shown by their verdict. 1 Greenlf. Ev., sec. 52; *State v. Clinton*, 67 Mo. 380, 385; *Rose v. First National Bank*, 91 *Id.* 399; *McComb v. Foster*, 62 Mo. App.

Appellate courts will not ordinarily disturb a verdict on the ground merely that it is against the weight of evidence, yet where the preponderance is so great as necessarily to imply passion, prejudice, or partiality, they do not hesitate to interfere. *Empey v. Railroad*, 45 Mo. App. 422; *Glick v. Railroad*, 57 *Id.* 97.

*Jas. R. Kinealy* for respondent.

There was no error in connection with Judge Bashaw's testimony. *Pier v. Heinrichoffen*, 52 Mo. 333; *Gage v. Averill*, 57 Mo. App. 111.

There was no error in admitting the inventory. If there had been, the defendant waived it by the testimony of Farrell. *Fry v. Estes*, 52 Mo. App. 1; *Mut. Ben. Soc. v. Lackland*, 97 Mo. 137; *Margrave v. Ausmuss*, 51 *Id.* 561; *State ex rel. v. Gage*, 52 Mo. App. 464; *Ettlinger v. Kahn*, 36 S. W. Rep. 37.

The verdict on the first claim was justified by the evidence. *Levitt v. Miller*, 64 Mo. App. 147; *Cochran v. Railroad*, 33 S. W. Rep. 177; *In re Benne v. Benne*, 2 Mo. App. —.

The finding on the second claim is fully supported by the evidence. 1 Sedg. Dam., sec. 255; *Moffett v. Hereford*, 34 S. W. Rep. 252; *Kelly v. Romans*, 33 Mo. App. 440; *Arnet v. Railroad*, 64 *Id.* 368; *State v. Johnson*, 1 *Id.* 219; *Cosgrove v. Leonard*, 33 S. W. Rep. 777.

BIGGS, J.—The plaintiff presented to the probate court two demands for allowance against the estate of Alice C. Judy, deceased. On a trial *de novo* in the circuit court by consent of parties the claims were submitted together, the jury returning separate findings as to each. The first claim is for $900, and was for services alleged to have been performed by the plaintiff in 1890 in obtaining from certain heirs quitclaim deeds conveying to Alice C. Judy their interest in the estate of her deceased husband. The other demand is for $500, and is based on services alleged to have been rendered for Mrs. Judy in the management of her property, and also for advice in the conduct of the business in which she was interested, from March 1, 1890, to January, 1893. On the larger claim the jury allowed $675, and the other $125. The administrator has appealed and complains of the instructions, the admission of incompetent evidence, that the finding as to the smaller claim is without evidence to support it, and that the finding as to the larger claim is excessive.

We will discuss the assignments which pertain to the larger claim first.

There was evidence tending to prove that after the death of W. W. Judy, his widow, Alice C. Judy, employed the plaintiff to obtain from the heirs of her husband quitclaim deeds for their interest in his estate; that two of the heirs lived in Jefferson county, Missouri, two in the state of Illinois, and one in the state of Ohio; that the plaintiff visited them at their homes and procured the conveyances, paying therefor, $2,500, Mrs. Judy furnishing the money. Before there was any evidence of the value of the interests purchased, the plaintiff's counsel asked a witness, T. P. Bashaw, to give his opinion as to the value of the plaintiff's services, supposing the land of the estate to be worth

$4,000, and the personalty $10,000, and the entire property was purchased by the plaintiff for $2,500. He answered $700 or $800, and stated that his estimate was controlled largely by the great bargain secured by plaintiff. Objection was made by defendant to the question and answer, upon the ground that there was no evidence as to the value of the property of the estate. The objection was overruled, and the defendant excepted. This constitutes the first assignment of error, and it must be overruled. In passing on the same question in the recent case of *Gage v. Averill*, 57 Mo. 111, we said: "As the order of proof is to a great extent within the discretion of the trial court, the admission of evidence which might or might not be relevant, according to whether it was or was not connected with other evidence subsequently, was not necessarily erroneous. If such connection failed, the plaintiff had a right to insist that the evidence be stricken out, *but whether stricken out or not, it would not prove the issue.*"

For the purpose of proving the value of the personal property belonging to the estate of W. W. Judy in 1888, there being some evidence that the deceased had no separate estate, the plaintiff offered and read in evidence the inventory of her estate, which showed that at the time of her death in 1894, she owned in money and other securities about $16,000. The defendant objected to this evidence because of incompetency and *irrelevancy*. The first objection is worthless, but the latter is good, and under it the evidence ought to have been excluded. Objection for irrelevancy is that the evidence offered has no tendency to prove any issue in the case. The court has the pleadings before it, and such an objection is sufficient to apprise both the court and opposing counsel of the nature of the objection. The fact that Mrs. Judy owned personal property of

the value of $16,000 at the time of her death in 1894, had no tendency whatever to prove the value of the personal property belonging to the estate of her husband, who died in 1888, especially as all of the evidence is to the effect that substantially all of the personalty owned by the husband was invested in a business which his widow continued and conducted profitably (in connection with her husband's business partner) until her death.

The evidence shows that Judy owned his homestead and some cheap lots. The value of the latter is not shown, and that of the homestead is placed by the witnesses at $1,800. The administrator here was the partner of Mr. Judy in the game and poultry business. He testified that at the time of his death Mr. Judy had about $500 in money, about $1,600 in good accounts, and that his interest in the game and poultry business was not worth more than $2,500. He says nothing about debts. According to his estimate, and his is the only testimony as to the value of the personalty, the estate was worth not exceeding $6,500. Under this proof the opinion of Bashaw as to the value of the plaintiff's services is of no evidentiary force and must not be considered, for he expressly stated that his estimate was based on the facts that the estate was worth $14,000, and that the interest of the heirs had been purchased by plaintiff for $2,500. Two other witnesses testified that the plaintiff's services were worth five per cent of the value of the property. Placing the highest estimate on the property and making no deductions for the widow's allowances and the value of her homestead right, the plaintiff's allowance could not exceed $325, which shows that the allowance was more than double what it could have been under the evidence.

Concerning the other claim the evidence was to the effect that Mrs. Judy consulted the plaintiff about

her business, and that he assisted her in its management; that he took her out a half dozen times to look at a tombstone; that he put up some shutters at the house, painted the gable and three chimneys on the house, and painted a fence.   There was no attempt to show how much time he had spent in the management of the business, or how long it took to do the work about the house or the value of his services.

Under such evidence the plaintiff could not recover more than a nominal sum.   The court should have so instructed the jury, instead of directing them that they might return a verdict for a substantial amount.

On this point counsel for respondent rely on *Murray v. Railroad*, 101 Mo. 236, which was an action for personal injuries, one of the items of recovery being for expenses incurred for nursing.   The time of the services was definitely fixed, but not the value.   The court held that the failure to prove the value was not fatal, remarking that "jurors may well be presumed to be reasonably familiar with the value of such services, and they may measure the same by their own knowledge and experience."   In the case at bar no attempt was made to show the length of time the plaintiff was engaged about the business, and without such proof how could jurors or any one else estimate the value of his services.   The difference between the cases is apparent.   The finding of the jury as to this claim being for a substantial sum, the judgment of allowance as to it must also, under the evidence, be set aside.

Complaint is made of the instructions asked by the defendant and refused by the court, but they need not be set out.   It suffices to say that they were comments on the evidence, and for that reason alone were properly refused.

The judgment will be reversed and the cause remanded.   All the judges concur.