JOHN M. BURKHOLDER et al., Respondents, v. JOSEPH HENDERSON, Appellant.

St. Louis Court of Appeals, January 24, 1899.

1. **Consideration Stated in Deed:** PRIMA FACIE EVIDENCE. The amount written in the body of a deed as the consideration is *prima facie* evidence of the amount paid or agreed to be paid.

2. **Practice, Appellate.** In the case at bar, the trial court admitted incompetent and irrelevant testimony as to the value of improvements and of the farm, but as the verdict is supported by legitimate and relevant testimony, and the judgment is for the right party, it will not be disturbed.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

J. H. BLAIR & SON and J. D. HOSTETTER for respondents.

"Although the evidence be but slight, and the weight of the evidence is apparently against the verdict, this court is not authorized to interfere. It was for the trial court to say whether the verdict is the result of passion or prejudice or whether it is fairly supported by the evidence. At any

rate they (the jury) had all the facts and circumstances be-
fore them and we will not examine the facts with a micro-
scope in order to overturn the verdict." Parsons v. May-
field, 73 Mo. App. 399. This case was here on a former ap-
peal. The testimony on behalf of the plaintiffs on that ap-
peal and this is not only substantially, but precisely the
same. It was then held by this court, that the circuit court
in the first trial erred in withdrawing the case from the jury,
and ruled that "the law is well settled that this can only be
done when the totality of the evidence excludes any legiti-
mate inference tending to prove the cause of action alleged."
Burkholder v. Henderson, 69 Mo. App. 359. This consti-
tutes *res adjudicala*. Masterson v. Railway, 58 Mo. App.
573, is a case directly in point. "A valid presumption must
be based upon fact, and not upon inference or upon another
presumption." Glick v. Railroad, 57 Mo. App. 97; Bige-
low v. Railroad, 48 Mo. App. 367; Yarnell v. Railroad, 113
Mo. 570, S. W. Rep. 1. The law presumes that the deed
from plaintiffs to defendant contained a correct expression
of the intention of the parties, viz.: That defendant was
to pay $4,000 for the land. Cooper v. Deal, 114 Mo. 527.
The defendant asks that that presumption be overcome by
the execution of said note four days afterward and that we
are to presume that defendant was only to pay $3,000 for
the farm. "So that the result is that one presumption re-
buts and neutralizes the other, like the conjunction of an
acid and an alkali  *  *  *  but it is not allowable to
build one presumption on another, and thus make a cause of
action." Yarnell v. Railroad, 113 Mo. 570. Said instruc-
tion is erroneous, because it can not be presumed from the
execution of the note referred to therein, that at that time
defendant did not owe plaintiff. Mechanics Bank v. Wright,
53 Mo. 153; Burkholder v. Henderson, 69 Mo. App. 359.
This is the same case in which the court held that the parties
had a right to transact business that way. Said instruction

is erroneous because the note referred to therein was not executed at the time plaintiffs deeded the land back to the defendant as is assumed by the instruction. Said instruction is erroneous in this that it declared that to be a presumption of law, which was only a presumption of fact to be raised or not as the jury would determine from the circumstances in the case. * * * But anyway the defendant was the first to introduce evidence of the value of the land. "A party can not invite error, consent to error on the trial of a cause, and afterward be heard to complain of such error on an appeal. He can not introduce irrelevant evidence and afterward complain that the court erred in permitting him to do so." Carlin v. Haynes, 74 Mo. App. 34. Counsel for respondent insist that the evidence as to value of land and improvements was competent on the first or *quantum meruit* count of the petition, and asked instructions upon that theory, which were refused by the court. The court was authorized to render judgment in favor of the plaintiff for $1,133, on the verdict of the jury after remittitur was entered. The verdict was as follows: "We, the jury, find for the plaintiff on second count of petition and assess his damages at the sum of one thousand dollars with interest from March 7th, 1895, at legal interest. J. S. Jones, foreman." This verdict is sufficiently certain to enable the court to ascertain the amount for which the judgment should be rendered by a simple arithmetical calculation. "The maxim, *Id certum est quod certum reddi potest,* is readily applicable to verdicts. Whenever the amount for which judgment should be rendered can be determined by a simple arithmetical calculation, this may be done by the clerk at the request of the judge, or by the judge himself, and a judgment rendered accordingly. Hence, though it is the province of the jury to find the exact amount of damages by their verdict, where the finding is for a certain sum with a specified rate of interest from a designated date, judgment may properly

VOL. 78 app—19

be rendered for the principal sum, and the interest calcu- lated in conformity with the terms of the verdict." 28 Am. and Eng. Ency. of Law, p. 300. See, also, to the same ef- fect, Gibson v. Lewis, 27 Mo. 532.

I. C. Dempsey and D. A. Ball for appellant.

The evidence does not sustain the verdict and judg- ment. It supports appellant's contention. It is manifest from all of the evidence that appellant did not agree to pay $1,000, or any other sum, hence his demurrer to evidence should have been given. Appellant's other refused instruc- tions should have been given, as they correctly declare the law. Error was committed in admitting evidence of value and improvements. Case was tried and jury, at respond- ent's instance, instructed on count on contract, not *quantum meruit,* and such evidence did not tend to prove contract. but no doubt did prejudice the jury. Its alleged purpose was not declared. Thompson v. Railroad, 37 Mo. 307; Link v. Vaughan, 17 Mo. 585; Gaslight Co. v. Mercer, 48 Mo. App. 644; Edelen v. Strong, 34 Mo. App. 287, 295; McDermott v. Railway, 87 Mo. 286, 301. The verdict of the jury did not authorize the court to enter judgment for a sum exceeding $1,000. They were not directed by in- structions to find any interest. R. S. 1889, sec. 2166; Poulson v. Collier, 18 Mo. App. 583, 604; Burghart v. Brown, 60 Mo. 24.

BLAND, P. J.—Plaintiffs are husband and wife. The second count of their petition (the one to which the evidence was chiefly directed and on which the jury were instructed and found a verdict), for cause of action avers in substance a sale and conveyance of a farm in Pike county by plaintiffs to the defendant for an agreed consideration of $4,000, the payment of $3,000 by defendant, and prays judgment for the balance of $1,000 with legal interest. The answer was a gen-

eral denial. The trial resulted in a verdict and judgment for plaintiffs, from which defendant duly appealed.

The cause was here on a former appeal, and was reversed and remanded because the trial court gave an instruction in the nature of a demurrer to plaintiff's evidence. (69 Mo. App. 359). The evidence on the two trials is essentially the same. The facts that are undisputed briefly stated are as follows: On March 7, 1893, defendant sold and conveyed to plaintiffs his farm of one hundred and sixty acres in Pike county, for $4,000, $1,000 of which was paid down. For the balance the plaintiffs executed their three several promissory notes of $1,000 each, due in one, two and three years after date, bearing seven per cent interest from date, and were secured by deed of trust on the farm; that on September 13, 1895, plaintiffs executed and delivered to defendant their deed reconveying the farm to him, and that the consideration expressed in the deed is $4,000; that plaintiffs went into possession of the premises under their purchase and continued in possession until March 1, 1896, to which date they paid interest, enjoying the rents and profits thereof; that a few days prior to the execution of the deed plaintiff, John Burkholder, went to the defendant and informed him that he could not pay for the farm and asked him to take it back; that defendant did agree to take it back; the terms of this agreement is the principal matter of controversy. Plaintiffs contend, and John Burkholder testified, that when he made the proposition to reconvey the farm to defendant, he said to him, "all right John, you make the deed back to me and you shall not lose a nickel;" that understanding from this statement that he was to have back the $1,000 he had paid, less interest due the defendant, he went to Jett, a justice of the peace and had the deed written out expressing a consideration of $4,000; that he and wife acknowledged the deed before Jett, and that he then took it to defendant's house and delivered it to him; that defendant then and there examined

the deed and said it was all right.    On the other hand, the
defendant testified that when Burkholder came to him and
made the proposition to reconvey the land, he told him that
he did not want the land, that he wanted his money; but if
Burkholder could not pay him for it and would pay him the
interest to March 1, 1896, and make him a deed to the farm
he would let him continue in possession to March 1, 1896,
and give him up his notes aggregating $3,000; that when the
deed was delivered to him he did not read it, and did not notice
what consideration was mentioned in the deed.    It is in evi-
dence that on the seventeenth of September, 1895, defend-
ant and Burkholder met by appointment at the law office of
Joe Blair, Esq., and that defendant then and there in the
presence of Burkholder asked Blair to calculate the interest
on the three $1,000 notes up to March 1, 1896, which Blair
did, ascertaining the amount to be $295.    Defendant then
turned to John Burkholder and asked him what he was going
to do about it, whereupon Burkholder fainted and fell over.
After being revived defendant told him he would knock off
$50 from the interest, and that he could secure the balance
$245, by a mortgage on some town property he owned. Burk-
holder agreed to this; the note and deed of trust was prepared
and delivered to him; these he took away with him, and in a
few days returned with the note duly signed and the deed of
trust duly signed and acknowledged by himself and wife, and
left them with Mr. Blair for defendant, as agreed on.
Defendant subsequently received the note and deed of trust
and then surrendered to plaintiffs their three notes of $1,000
each.    Evidence was admitted over the objections of defend-
ant, of the value of the farm and of the permanent improve-
ments thereon made by the plaintiffs and their value.    De-
fendant offered evidence in rebuttal of the value of the farm,
and of the improvements.    John Burkholder in explanation
of the giving and securing the interest note stated, that he
had confidence in the defendant that he would do what he

had promised to do; that he did not understand why this was required of him, but that he thought that this note and one other he had given for interest would be deducted from the $1,000, balance on the purchase price of the farm, when defendant got ready to settle. All interest on the three $1,000 notes was paid by plaintiffs. The giving of the interest note is hardly reconcilable with plaintiff's theory of the contract for the reconveyance of the farm, but this was for the jury and they must have accepted Burkholder's explanation as satisfactory. The defendant at several stages of the case offered a demurrer to the evidence, which was at all times refused; he complains of this as error.

As above stated, the evidence is essentially the same as when the case was here before, hence the former ruling of the court on this identical question is res judicata. Masterson v. Railway, 58 Mo. App. 573. As we have seen the issue made by the pleadings in the case was the consideration agreed to be paid to the plaintiffs by defendants for the farm, the plaintiffs contending that this was $4,000, the defendant that it was $3,000; evidence therefore of the value of the farm, of the permanent improvements made by plaintiffs and their value was wholly irrelevant, as it did not tend to prove the contract between plaintiffs and defendant, and should have been excluded. Mathias v. O'Neill, 94 Mo. 520; Frederick v. Allgaier, 88 Mo. 598; State v. Blunt, 91 Mo. 503; State v. Roberts, 62 Mo. 388; Eddy v. Baldwin, 32 Mo. 369; Union Bank v. First Nat. Bank, 64 Mo. App. 253; McDermott v. Judy's Adm'r, 67 Mo. App. 647.

The court gave the following instruction for the plaintiff, to which defendant objected:

"If the jury believe from the evidence in this cause that the plaintiffs at the time they conveyed the land, described in the pleadings back to the defendant submitted their deed, read in evidence, to him for his examination and approval, and that he accepted said deed, and made no objection to the

Burkholder v. Henderson.

amount of money stated therein as the consideration to be paid for said land, then the law presumes that the defendant agreed to pay the plaintiffs for said land the amount of money stated in said deed, even though defendant failed to read or ascertain the contents thereof; and the burden is on the defendant to show by the preponderance of the evidence that the amount stated in said deed was not the true consideration for said land. By preponderance of the evidence is meant the greater weight of the evidence."

The amount written in the body of a deed as the consideration is *prima facie* evidence of the amount paid or agreed to be paid; Bobb v. Bobb, 89 Mo. 411; Cooper v. Deal, 114 Mo. 527; Taylor v. Crockett, 123 Mo. 300, and the burden was on the defendant to overcome this fact *prima facie* established by the recital in the deed. 1 Rice on Evidence, page 36.

The defendant asked and the court refused the following instruction.

"The court instructs the jury that if they believe and find from the evidence in the cause that at the time plaintiff deeded the land in question back to the defendant, the plaintiff executed and delivered defendant his note for two hundred and forty-five dollars secured by deed of trust, then the law presumes that the defendant was not indebted to the plaintiff and your verdict must be for the defendant. Unless you further find and believe from the evidence in the cause, that this presumption of law has been overcome by the evidence in this cause, and you are further instructed that the burden is upon the plaintiff to prove by evidence that this presumption of law has been overcome by the preponderance of the evidence in the case and unless he has so proven, your verdict must be for the defendant."

This ruling of the court is also assigned as error. The giving of the interest note by plaintiff to the defendant was inconsistent with plaintiff's contention that at the time he

gave the note defendant was indebted to him largely in excess of the note on account of the very transaction to close which the interest note was given; this was not the usual and ordinary course of transacting such business, and the legitimate inference to be drawn from it was that plaintiff was indebted to defendant at the time, and not defendant to the plaintiff on account of the sale of the farm by plaintiff to the defendant, for men are presumed to transact their business according to usual and customary methods. White v. Ingram, 110 Mo. 474; Ivy v. Yancy, 129 Mo. 501; Allen v. Logan, 96 Mo. 591. But this a presumption of fact; an inference to be drawn by the process of reasoning, and not a rule which the law says courts and judges must draw; it was for the jury to say whether or not the inference should be drawn, and for the court to instruct them that they might, not that they should, draw the inference. Bluedorn v. Railway, 121 Mo. loc. cit. 270; Erhart v. Dietrich, 118 Mo. loc. cit. 430; Ham v. Barret, 28 Mo. 388; Home Ins. Co. v. Weid, 11 Wall. 440; Chesley v. Brown, 11 Met. 146; Bow v. Allenstown, 34 N. H. 365; Oaks v. Weller, 16 Vt. 71; Welch v. Sackett, 12 Wis. 257; 1 Greenleaf on Evidence, sec. 48. The instruction as asked usurped the province of the jury, and was correctly refused. The other instructions asked by defendant were commentaries on the evidence and otherwise faulty; those given by the court presented the only issue to the jury fairly and fully, and we find no reversible error in them. A more serious question is the error in the admission of incompetent and irrelevant testimony as to the value of improvements and of the farm; no instructions were given on this testimony, the attention of the jury was in no wise directed to it by the court, it had no bearing whatever on the issue upon which they were instructed, there was no place under the instruction for its consideration; if the jury confined their deliberations to the issue submitted by the instructions, then they would not have considered the irrelevant testimony; the verdict is responsive to the issue submitted, and

the damages assessed indicate that the jury were not influenced by the incompetent evidence. The verdict as it was rendered is supported by the legitimate and relevant testimony; in fact, the preponderance of the evidence is with the plaintiffs, and the judgment is for the right party, and the admission of the irrelevant testimony did not in our opinion materially affect the merits, and the judgment should not be disturbed for the error. Boggess v. Railroad, 118 Mo. 328; McGuire v. Nugent, 103 Mo. 161; Harris v. Rowell, 56 Mo. App. 24. Defendant in this court for the first time complains that the jury allowed interest, that they had failed to file the amount of interest due by their verdict. The attention of the lower court was not called to these objections by the motion for new trial, and will not be considered here. Cattell v. Dispatch Company, 15 Mo. App. 587; s. c. 88 Mo. 356. The judgment is affirmed.

Judge Bond concurs; Judge Biggs dissents for the reasons stated in his dissenting opinion on the first appeal (69 Mo. App. loc. cit. 366), and for the error of admitting evidence of the value of the farm and of the improvements.