EPPERSON, Appellant, v. EPPERSON et al.

### Division One, March 29, 1901.

1. **Ejectment: CONVEYANCE: DESCRIPTION: ERROR APPEARING ON FACE: REFORMATION.** The deed by its face undertook to describe five pieces of land, but, by repeating the description of one of them, only described four. It further said that the deed conveyed "in all 189.38 acres," whereas in fact it contained only 149.38. The purpose of the deed was to convey to a son the home place, which consisted of 189.38 acres of five contiguous tracts, and if the description, instead of repeating the word "southeast," had used the word "northeast," the deed would have conveyed the entire farm. The grantor said before the deed was made that he intended to sell the home place to his son, and after making the deed put him in possession of the entire tract, and afterwards said he had sold it to him, and died without having otherwise disposed of the forty which was omitted from the deed. *Held*, that the grantor's heir, after his death, could not recover possession of an heir's share, in the omitted forty, the evident purpose being to convey the entire farm, and the deed will therefore be reformed in accordance with that intention.

2. ———: **REFORMING DEED: LACHES: LIMITATIONS.** Where the defendant, the grantee in a deed, has been in the continuous, peaceable and uninterrupted possession for twenty-six years of land which by mistake was omitted from the description, and his title or possession has never been questioned until suit in ejectment has been brought by the grantor's heirs, he is not barred by the statute of limitations from asking that the deed be reformed.

Appeal from McDonald Circuit Court.—*Hon. J. C. Lamson,* Judge.

AFFIRMED.

*Jno. B. Christensen* for appellant.

Vol 161 mo—37

(1)   Courts of equity are bound by the statute of limitations, unless the party asking relief is guilty of laches, when he is, regardless of statute, deprived of equity relief.   White v. Pendry, 25 Mo. App. 547.   (2)   The statute of limitations in this State was undoubtedly intended to apply to proceedings for the enforcement of equitable legal rights, and every court exercising equity powers, acts upon it, not merely by analogy, but in obedience to it as positive law.   And suits to assert equitable ownership of realty must be brought within the period limited for other actions, to recover estate in lands; namely, within ten years from the time the cause of action accrues. Burdett v. May, 100 Mo. 20; Hunter v. Hunter, 50 Mo. 451; Bank v. Bank, 107 Mo. 133.   (3)   An action to reform a deed by inserting additional land therein claimed to have been agreed to be included, but not charged to have been omitted by fraud, falls within the third clause of Revised Statutes 1879, section 3229, Revised Statutes 1889, section 6774, barring "actions for relief not herein otherwise provided for" unless brought within ten years.   In cases of mistake, the statute runs from the time the mistake occurs.   The statute of limitations applies equally to legal and equitable actions. Hoester v. Samelman, 101 Mo. 619; Hunter v. Hunter, 50 Mo. 451; Bank v. Bank, 107 Mo. 133.   (4)   To constitute a possession such as will bar the title of the legal owner, five elements must co-exist.   It must be (a) hostile and adverse; (b) actual; (c) visible, notorious and exclusive; (d) continuous, and (e) under claim or color of title.   The element of hostility to the title of the true owner is an indispensable ingredient of adverse possession.   The hostile possession must be continuous and notorious.   It can not be made out from inference, as the presumption is in favor of the true owner. 1 Am. and Eng. Ency. of Law, p. 288.   (5)   Possession of a part of a tract of land, in order to draw to it the possession of

the whole tract, must be under color of title to the whole tract, and there can be no color of title in the absence of a writing describing the land. Claim of title and color of title do not mean the same thing. Allen v. Mansfield, 108 Mo. 343. (6) Possession of real estate may be open and notorious, and still not be adverse. Crawford v. Ahrnes, 103 Mo. 88. (7) A deed will not be reformed on the ground of mistake in describing the land intended to be conveyed unless the mistake was mutual and the evidence to show it most clear and convincing. A mere preponderance of the evidence is insufficient. Such mistake must be established by evidence which will strike the mind of the chancellor as free from reasonable doubt. The testimony must be so clear and convincing as to leave no hesitancy in the mind of the chancellor of the existence of the mistake. There must be a certainty of error. All inferences must be made in favor of the presumption that the deed, as drawn, expresses the real intention of the parties. Street v. Owen, 109 Mo. 1; Clark v. Railroad, 127 Mo. 264; Bartlett v. Brown, 121 Mo. 353; Fanning v. Doan, 139 Mo. 392; Philpot v. Penn, 91 Mo. 38; Turner v. Shaw, 96 Mo. 26; Atkinson v. Henry, 80 Mo. 157; 15 Am. & Eng. Ency. of Law, p. 649; Rogers v. Rogers, 87 Mo. 257. And especially is this true where it is attempted to build up a case on the verbal admissions of persons since dead, and such admissions are to be received with great caution. Ringo v. Richardson, 53 Mo. 385; Davis v. Green, 102 Mo. 184; Sweet v. Owen, 109 Mo. 7. (8) Deeds executed with all the formality of the law and placed of record will not be disturbed for slight or unsatisfactory reasons. Sweet v. Owen, 109 Mo. 9; Fanning v. Doan, 139 Mo. 392.

*Trimble & Braley* and *W. R. Thurmond* for respondents.

(1)    George Epperson acquired absolute title to the land in question by an open, notorious, continuous, exclusive, adverse possession of twenty-six years.    The statute began to run in his favor and against his father and all persons claiming under his father, on January 1, 1870, and the statute having begun to run, nothing stopped it.    Cunningham v. Snow, 82 Mo. 587; Jones v. Thomas, 124 Mo. 586.    (2) Appellant contends that the defendants could not have the error in the deed corrected because of the statute of limitations, and cites some authorities.    It will be noted, however, that all the authorities he cites are cases in which the statute is pleaded against the plaintiff bringing a suit to reform a deed, and in most of the cases, the rights of third parties are affected.    In the case at bar, the defendants, as an answer and defense to a suit brought by the heir, set up that they bought the land in controversy and paid for it, and it was intended to have been conveyed to them, and they were placed in possession thereof.    As a part of their defense, they ask the court to declare that the error in the deed is a mere clerical error and that it be corrected, and this relief they ask against one standing in the shoes of their grantor and who seeks to take advantage of a mistake twenty-six years after it occurred, and at the same time while bringing a suit against them, asks that they be barred from having the error corrected by the ten years' statute of limitations, and this position is taken in a court of equity.    Michel v. Tinsley, 69 Mo. 449; Cooper v. Deal, 114 Mo. 527.

BRACE, P. J.—This is an action in ejectment by the plaintiff, a son and one of the heirs at law of Aphrey Epperson, deceased, who sues to recover an undivided fifth of the following real estate, situate in McDonald county, to-wit, *the*

*northeast quarter of the southwest quarter of section* 13, *township* 22, *range* 33.

The defendants claim title under a deed in which it is alleged there was a mistake in the description of this forty-acre tract which they ask to have corrected. The finding and decree was for the defendants, and the plaintiff appeals.

On the first day of January, 1870, the said Aphrey Epperson, by his warranty deed of that date duly executed and acknowledged, in which his wife Elizabeth Epperson joined, relinquishing her dower, conveyed to his son, the defendant George W. Epperson, the following described tracts or parcels of land situate in McDonald county in the State of Missouri, that is to say: *the southeast quarter of the southwest fractional quarter of section thirteen, township twenty-two, range thirty- three, containing* 39.38 *acres;* also the southwest quarter of section thirteen, township twenty-two, range thirty-three, containing forty acres; also *the southeast quarter of the southwest quarter of section thirteen in township twenty-two, of range thirty-three;* also the northwest quarter of the southeast quarter, and the northwest quarter of the southwest quarter of section thirteen, in township twenty-two, range thirty-three, containing eighty acres; all of the above tracts and lots of land, except five acres off of the southeast corner of the southeast quarter of the southwest quarter of section thirteen, in section twenty-two, range thirty-three, and five acres off of the southwest corner of the southeast quarter of the southwest quarter of section thirteen, in township twenty-two, range thirty-three, in all 189.38 acres."

This is the deed under which the said George W. Epperson, and his vendee and co-defendant, the Ozark Orchard Company, claim title.

It is evident upon the face of this deed that the grantor intended to convey *five* tracts of land, all situate in section

Epperson v. Epperson.

13, township 22, range 33, and containing in all *189.38* acres, but by repeating the description of one of the tracts, i. e., the southeast quarter of the southwest quarter of said section he in fact conveyed only *four* tracts, containing in all only *149.38* acres. Thus a mistake appears upon the face of the deed, and when in connection therewith it is considered that the grantor was in fact the owner of five tracts of land in that section, containing in all 189.38 acres, one of which was the northeast quarter of the southwest quarter, all lying contiguous and constituting one farm, in the shape shown in the following diagram:

"X," the land in controversy, being the northeast quarter of the southwest quarter of said section, the reasonable inference at once arises that the mistake was made by writing the word *"south"* for the word *"north"* in the description of that forty, and that in fact that forty was intended to be included in the conveyance. When, in addition, it is considered that the said George at once entered into the possession of the farm, consisting of these *five* forties containing in all *189.38* acres, and

Epperson v. Epperson.

known as the *"home place"* and thereafter, until he sold to his co-defendant a short time before this suit was brought on the third of October, 1896, continued in the uninterrupted possession thereof, claiming, cultivating and improving the same as his own; that his father, the said Aphrey, and his mother, the said Elizabeth, from and after the date of said deed, continued to live with him on the place, always thereafter recognizing it as his in its entirety, until their death, that of the father occurring in the year 1879, and of the mother in the year 1886 or 1888, as did the plaintiff himself, and the neighborhood generally—until about the time this suit was brought —the father having declared before the execution of the deed that he intended to convey the home place to George, and afterwards that he had done so, and both of them by their conduct thereafter indicating that such was the fact—it would seem upon these undisputed facts that there is but little room for doubt as to the mistake or of its character.  And the defendants having been in the continuous, peaceable and uninterrupted possession of the premises for more than twenty-six years, without ever having their title or possession questioned until this suit was brought, until which time it had never become necessary for them to take affirmative action, there is no ground for invoking the statute of limitations as a bar to the equitable relief sought by them in this action (Michel v. Tinsley, 69 Mo. 442; Cooper v. Deal, 114 Mo. 527) and which the circuit court granted.

The judgment of the circuit court is therefore affirmed. All concur, except *Marshall, J.,* absent.