### LEWIS PAYNE V. B. J. ROSS ET AL.
#### No. 743.

1. **Limitation—Cloud Upon Title—Statute Construed.**—Article 4353, Revised Statutes, relating to correction of defective certificates of acknowledgment, and limiting the period within which such action must be brought, has no application to a suit in equity to remove cloud from title, arising from misdescription of property.

2. **Same—Equitable Action to Remove Cloud.**—Where one has bought and paid for land, gone into possession, made improvements, and exercised all the acts of ownership, without his title having been repudiated by his vendor, the statute of limitations does not run against his equitable right to have cloud removed from the title to his land growing out of misdescription of property.

APPEAL from Hunt. Tried below before Hon. E. W. TERHUNE.

*Sherill & Heffner*, for appellant.—Where a party purchases land, pays the purchase money, goes into actual possession of same under a deed intended to convey title, and makes permanent and valuable improvements thereon, without objections during the life-time of his vendor, he holds the equitable and superior title as against the original vendor and his heirs, and may, as to them, go into a court of equity and have the legal title divested out of them and vested in such purchaser at any time. Vardeman v. Lawson, 17 Texas, 11; Holman v. Crisswell, 15 Texas, 395; Bell v. Warren, 39 Texas, 106; Balkham v. Iron Co., 43

Fed. Rep., 648; Ruckman v. Cory, 129 U. S., 387; Wettenbecker v. Walters, 69 Texas, 470; .Goode v. Lowery, 70 Texas, 150.

No brief for appellees reached the hands of the Reporter.

FINLEY, ASSOCIATE JUSTICE.—This is a suit by appellant to remove cloud and to quiet him in his title to a lot of land situated in the city of Greenville. The petition alleges the following facts as the basis of the suit:

"That the said N. J. Ross .during his life-time, on to wit, the 11th day of April, 1882, and the 1st day of April, 1884, respectively, for a valuable consideration to him in hand paid by H. P. Cridale, made, executed, and delivered to the said H. P. Cridale his two certain deeds in due form of law, whereby he conveyed to the said H. P. Cridale two certain lots or parcels of land, situated in the city of Greenville, Hunt County, Texas, and being portions of the headright survey of John Gillespie, the two lots so sold lying adjoining each other. The first lot so sold is described in said deed as being a part of a one and three-fourths acres tract sold to said N. J. Ross by I. N. Harrison and wife, and beginning at the northwest corner of said tract and running from that point south 56 varas; thence .east 70 feet; thence north 56 varas; thence west 70 feet to the beginning.

"The second lot sold as aforesaid calls in said deed to begin at the northwest corner of the first lot sold, and runs from that point south 54 varas; thence east 50 feet; thence north 54 varas; thence west 50 feet to the beginning. That the call made in the last deed for the northwest corner of the first lot sold as the beginning corner of the second lot sold was a mutual mistake of the parties made at the time the deed was executed, and that neither the said N. J. Ross nor H. P. Cridale knew that said mistake was made, and that said mistake was never discovered by said Cridale or his vendees until a short time. before the filing of this suit. That it was the intention of the said N. J. Ross and H. P. Cridale that the second or last deed made, should begin at the northeast corner of the first lot sold, and run from that point south 54 varas; thence east 50 feet, thence north 54 varas; thence west 50 feet to the beginning—this being the land actually bought and paid for by said Cridale, and intended· to be conveyed by the said N. J. Ross in said last deed. That by reason of the aforesaid mistake in the beginning call in said deed, it does not describe the land actually bought and intended to be conveyed by said deed, but makes a misdescription of same, and only includes within the field notes the western portion of the land conveyed in the said first purchase. That the said H. P. Cridale, upon the execution and delivery of said last deed, paid the purchase money to said N. J. Ross, and immediately thereafter went into possession of said land as intended to be conveyed, and of the identical land bought and paid for, and placed valuable and permanent improvements thereon of the value of $500;

and the said H. P. Cridale and his vendees, whose estate this plaintiff has, have had and held actual, adverse, peaceable, and continuous possession of said lot or tract of land as last above described, and paid the taxes due thereon from the date of said deed to the filing of this suit, and are still in possession of same.

"That the defendant, N. A. McLeod, after the death of her former husband, to wit, on the 31st day of December, 1888, signed and acknowledged both of said deeds. Plaintiff alleges further, that he is by reason of the facts herein before alleged, the real and equitable owner of the land as last described in this petition, and as intended to be conveyed in the said last deed, and that the said mistake and misdescription casts a cloud upon his title and otherwise damages and depreciates said premises in value. That plaintiff, immediately upon the discovery of said mistake, brought this suit to remove the cloud, after having made due effort to obtain the deed from defendants."

Appellees answered by general denial, and specially pleaded the statute of limitation of four years as a bar to the cause of action set forth. The case was tried by the court without the intervention of a jury, and judgment rendered for the defendants.

The facts upon which the judgment was rendered were agreed to by the parties, and were in substance as follows:

1. Regular chain of title from the sovereignty of the soil down to N. J. Ross, who was the common source of title of both plaintiff and defendants. N. J. Ross was dead at the time of the institution of this suit, and the defendants were his legal heirs.

2. The agreed facts recite: "(1) It is agreed that N. J. Ross, deceased, late of Hunt County, Texas, owned during his life-time a one and three-fourths acres tract of land out of the John Gillespie headright survey, situated in the southwest portion of the city of Greenville, Hunt County, Texas, and that he sold two lots off of this one and three-fourths acres tract to Dr. H. P. Cridale, one by deed dated April 11, 1882, and the other by deed dated April 1, 1884.

"(2) It is agreed, that the call in second or last deed for northwest corner of the first lot sold, as being the beginning corner of the second or last lot sold, was a mutual mistake, and that said call should have been and was intended to be for the northeast corner of said lot.

"(3) It is agreed, that the land actually sold and intended to be conveyed in said last deed should begin at the northeast corner of the first lot sold, and run from that point south 54 varas; thence east 50 feet; thence north 54 varas; thence west 50 feet to the beginning.

"(4) It is agreed that N. J. Ross, deceased, received the purchase money for the second lot from H. P. Cridale at time of the purchase, and that the said Cridale immediately went into possession of the same under said deed, as intended to be conveyed and as above described, and that he placed valuable and permanent improvements thereon during the life-time of the said N. J. Ross, and that the said Cridale and his vendees, claiming to be the owners of said lot, have

occupied it continuously from the time possession was first taken to the filing of this suit, and are still in possession and have paid the taxes thereon, and that the title of the said Cridale and his vendees has never been disputed, and that plaintiff is in possession of the land as intended to be conveyed, claiming and holding under Cridale."

The court below based the judgment upon the following conclusions of law: "Following the Supreme Court in Norton v. Davis, I hold plaintiff's cause of action to be barred by the statute of limitation of four years. In that case Norton was and had been for several years in possession of the land, under a deed; and the acknowledgment being defective, Norton sought to correct the defect. The court held his action barred."

It will thus be seen, that the decision of the court below is based wholly upon the plea of the statute of limitations.

The case of Norton v. Davis, 83 Texas, 32, upon which the decision of the court below is based, goes to the extent of holding that the action for the correction of the certificate of acknowledgment authorized to be prosecuted under article 4353, Revised Statutes, must be brought within four years from the time the certificate of acknowledgment is made by the officer.

Article 4353, Revised Statutes, referred to, is as follows: "When the acknowledgment or proof of the execution of any instrument in writing may be properly made, but defectively certified, any party interested may have an action in the District Court to obtain judgment correcting the certificate."

The action contemplated by this statute is one that owes its origin exclusively to the statute. It was this statutory action for the correction of the certificate of acknowledgment that was considered and passed upon in the case of Norton v. Davis. The court was not dealing with a suit in equity brought to remove cloud from title to land, which is the character of the cause under consideration; and we do not regard that case as analogous to and decisive of this. Where one has bought and paid for land, gone into possession of it, made improvements upon it, exercising all the acts of ownership, and his title thereto has not been repudiated by his vendor, the statute of limitation does not run against his equitable right to have cloud removed from the title to his land. We are of opinion that appellant's cause of action was not barred by the statute of limitations, and the trial court erred in so holding. Holman v. Criswell, 15 Texas, 395; Early v. Streeter, 18 Texas, 113; Riggs v. Polk, 21 S. W. Rep., 1013; Goode v. Lowery, 70 Texas, 150; Gibbons v. Bell, 45 Texas, 418.

The judgment of the court below is reversed, and will be rendered, correcting the description in the deed so as to make it conform to the intention of the parties, and removing all cloud from the title of appellant to the land in question.

*Reversed and rendered.*

Delivered April 3, 1895.