LEWIS H. WYKLE, Appellant, *vs.* J. B. BARTHOLOMEW, Appellee.

*Opinion filed April 19, 1913.*

1. DEEDS—*when neither laches nor the Statute of Limitations applies to a suit to reform a deed.* Neither *laches* nor the Statute of Limitations is applicable to a suit to reform the description in a deed where the complainant has at all times been in undisturbed possession.

2. SAME—*Statute of Frauds does not apply to suit to correct a deed on ground of mistake.* The Statute of Frauds has no application to a suit to correct the description of a deed on the ground of mistake, to make the deed conform to the intention of the parties.

APPEAL from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.

ROBERT H. LOVETT, and SHEEN & GALBRAITH, for appellant.

RICHARD H. RADLEY, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The appellant filed a bill to correct the description in a deed, which the court, on a hearing, dismissed, and he appealed.

The Rock Island and Peoria railroad crosses lot 2 of a subdivision of the south-west quarter of section 22, town 9, north, range 8, east of the fourth principal meridian, from south-east to north-west. This lot abuts on Prospect avenue, which lies east of it. Prior to 1897 the Peoria Rubber and Manufacturing Company owned that part of lot 2 north of the railroad, containing six and a quarter acres, while that part south of the railroad was owned by Charles Duryea. There was a mortgage on the whole lot, except the north five acres, which the appellant, who was the mortgagee, had brought suit to foreclose. There were other liens on the premises, and after the foreclosure proceedings had been pending for some time the litigation was settled. The mortgage covered one and a quarter acres of that part of the lot owned by the Peoria Rubber and Manufacturing Company, and in carrying out the settlement that company conveyed to the appellant a part of that part of the lot north of the railroad. It is in that conveyance that the mistake is said to have been made which the bill was filed to correct. In 1901 the Peoria Rubber and Manufacturing Company conveyed all its interest in that part of lot 2 lying north of the railroad, and its title, before this suit was brought, became vested in the appellee, John B. Bartholomew.

The bill charges that in the settlement of the foreclosure suit it was agreed that all the mortgaged premises,—that is, all of lot 2 except the north five acres,—should be conveyed to the appellant. This conveyance would include the one and a quarter acres of the premises of the Peoria Rubber

and Manufacturing Company north of the railroad. The bill alleges that this company had constructed a reservoir for the storage of water for its use and for protection from fire, which extended upon the one and a quarter acres agreed to be conveyed to the appellant, and therefore it was agreed between the Peoria Rubber and Manufacturing Company and the appellant that the one and a quarter acres should be taken out of the south-east corner of the tract in such a way as to leave the reservoir to the company, with convenient access and passage all around it and between it and the one and a quarter acres to be conveyed to the appellant, but by mistake the description of the premises included only three-quarters of an acre; that it was agreed that the appellant might have the land surveyed at any time, and the company would make him a deed by the correct description by metes and bounds; that the deed was made and delivered to the appellant about April 13, 1898, and was on that day filed for record; that in May, 1900, the appellant had the one and a quarter acre tract surveyed and then immediately fenced and took possession of it, and has since kept the actual, open and exclusive possession and now has such possession.

The tract was conveyed to the appellant by the following description: A part of the south-west quarter of section 22, township 9, north, range 8, east of the fourth principal meridian, described as follows: Beginning at a point on the north line of the Rock Island and Peoria railway right of way in the center of Prospect avenue; thence in a north-westerly direction, on the north line of said right of way, 62½ feet; thence north 270 feet to a point for beginning; thence at right angles west 66½ feet; thence south to the north line of said railway right of way; thence on the northerly line of said right of way, in a south-easterly direction, to a point on said line in the center of Prospect avenue; thence north on the center line of Prospect avenue to a point due east of the beginning point; thence west

to the place of beginning. Said tract being one and a quarter acres, situated in the county of Peoria and State of Illinois.

The bill avers that the tract intended to be conveyed is correctly described as follows: A part of lot 2 of a subdivision of the south-west quarter of section 22, township 9, north, range 8, east of the fourth principal meridian, in Peoria county, Illinois, beginning at a point on the north line of the Rock Island and Peoria railroad right of way in the center of Prospect avenue; thence in a north-westerly direction, on the north line of said right of way, 177 feet; thence due north 300.04 feet; thence due east to the center of Prospect avenue; thence south in the center of Prospect avenue to the place of beginning. Containing one and a quarter acres of land.

The Peoria Rubber and Manufacturing Company has gone out of business, and it defaulted. Its grantee, John B. Bartholomew, answered, not admitting any of the allegations of the bill but denying substantially all of them; claiming to be the owner of all the premises except those described in the deed; averring that if any agreement to convey was made it was not in writing, and claiming the benefit of the five years Statute of Limitations and of the Statute of Frauds.

It is clearly proved that an agreement was made for the settlement of the foreclosure suit and that the deed to the appellant was made in pursuance of such agreement. There can be no doubt that a mistake was made in the deed, for while a tract containing only three-quarters of an acre is described, the deed states "said tract being one and a quarter acres." The master found that there was no mistake in the description of the tract of land conveyed, but only in this recital that the tract contained one and a quarter acres.

The appellant and W. T. Whiting, an attorney who represented other lienholders in the foreclosure suit, testified

to the agreement for the settlement of the suit by which the appellant was to receive the deed for the one and a quarter acres from the Peoria Rubber and Manufacturing Company. There were present at the meeting when the settlement was agreed upon, according to the testimony of the appellant and Whiting, (besides themselves,) Charles Green, attorney for the appellant, W. T. Abbott, attorney for the Peoria Rubber and Manufacturing Company, and A. G. Sieberling, its treasurer. Green is dead, Abbott did not testify, and Sieberling testified that he was not present and had nothing to do with the negotiation. Some person representing the company was present, for immediately afterward the settlement was carried out, the deed to the appellant was executed by the vice-president of the company and attested by its secretary, the acknowledgment of the latter being taken by Mr. Abbott, the company's attorney. It is probable that the appellant and Whiting were mistaken as to the name of the person with whom they negotiated, for there is no doubt that the negotiation took place between the parties, their attorneys and an authorized representative of the Peoria Rubber and Manufacturing Company,—probably the president and general manager, Monroe Sieberling, (the father of A. G. Sieberling,) who is also dead. It is equally clear that the deed to the appellant was to be for an acre and a quarter of land. Indeed, it would be a very curious thing that that amount should be inserted in the deed if it were not so. The two witnesses testify to it and are not contradicted. The reservoir was valuable to the company but not to the appellant, while the tract having a greater frontage on Prospect avenue was more valuable to the appellant. The testimony of the witnesses differs somewhat as to details, but it leaves no reasonable doubt that the appellant was to have an acre and a quarter wholly east of the reservoir and in the south-east corner of the company's property.

It is objected that there was no definite description of the acre and a quarter. The six and a quarter acre tract was not symmetrical. The railroad, as has been stated, runs from south of east to north of west, making the south-east corner of the tract an acute angle and the south boundary neither parallel nor perpendicular to any other side. There was no written description of the tract to be conveyed to the appellant. Some of the parties went out from the office of the master in chancery to the premises and the negotiation was concluded on the ground there, after stepping off the distances in connection with the reservoir. These things are established with sufficient definiteness: that the appellant was to have an acre and a quarter in the southeast corner of the tract of the company; that this would make ten lots facing Prospect avenue the size of the lots in Sieberling's addition to Peoria Heights; that more than nine-tenths of the lots in that addition are 30 by 125 feet, that being the regular size, which is only departed from in a few lots where the exigencies of the survey make it necessary; that Prospect avenue is 66 feet wide; that the second of the descriptions above recited includes no more than an acre and a quarter; that deducting half the street gives a depth of 127 feet; that the frontage on Prospect avenue is 300 feet in addition to the triangular lot at the south end of the tract; and that the appellant had the land surveyed, fenced, and took possession of it before any other rights were acquired and has ever since possessed it, and his possession was never questioned.

While a precise description by metes and bounds could not be given at the time, the tract intended to be conveyed was definitely in the minds of the parties. It was intended that the appellant should have an acre and a quarter, which should be in the south-east corner of the tract, in such shape as to give him ten full lots fronting on Prospect avenue. This would make a frontage of 300 feet on Prospect avenue, and in order to make the lots full, this frontage must

be exclusive of the triangular portion left in the south-east corner. This triangle was included, because otherwise the tract would not reach the corner. Including it and the 300 feet frontage of the full lots on Prospect avenue the depth of 125 feet, which was the depth of the lots added to the half of the street, 33 feet, did not make quite the one and a quarter acres the appellant was to have. To get that quantity of land some dimension had to be increased. He could not go north, east or south but could go two feet further west, and thus have the quantity of land to which he was enitled and comply with all the other terms of the agreement. Sieberling said to the appellant that he could have the land surveyed any time and the company would make him a deed for it. Whiting was anxious to have the money paid and the settlement concluded, and Sieberling said he would get the deed and give it to the appellant, and the deed was made and delivered before any survey was made.

Neither the Statute of Limitations nor *laches* is applicable to a suit to reform a deed where the complainant has been all the time in undisturbed possession. (*Mills* v. *Lockwood,* 42 Ill. 111; *Schroeder* v. *Smith,* 249 id. 574.) Nor has the Statute of Frauds any application to a suit to correct a deed on the ground of mistake, to make it conform to the intention of the parties. *Hunter* v. *Bilyeu,* 30 Ill. 228.

The agreement is clearly shown and the property intended identified. The decree is reversed and the cause remanded, with directions to enter a decree granting the relief prayed for.

*Reversed and remanded, with directions.*