**HOWARD et al. v. YOUNG et al.**

No. 5847.

Court of Civil Appeals of Texas. Amarillo.
March 22, 1948.

Rehearing Denied April 19, 1948.

Saner, Jack & Sallinger, of Dallas, for appellants.

P. P. Ballowe, of Dallas, for appellees.

STOKES, Justice.

This suit was instituted by the appellants, Willie V. Howard, and her husband, George T. Howard, against the appellee, C. N. Young, for an injunction restraining the appellee from closing and barricading a ten foot driveway located between the properties of the respective parties and to reform an easement contract entered into by their predecessors in title in which appellants alleged a mutual mistake was made. Appellants also sought to remove the cloud cast upon their title to the driveway by the alleged mutual mistake in the easement contract and prayed that they be quieted in their title and use of the driveway.

The record shows that on and before December 1, 1932, two certain lots, described as lots 5 and 6 in block 15/646 in the city

of Dallas, were owned by Mrs. Ethel Emma Owen. On that date Mrs. Owen sold and, by general warranty deed, conveyed to J. L. Allhands and R. E. Davis the north ninety feet of the two lots. Mrs. Owen owned a one-story building located immediately south of the portion of the lots conveyed to Allhands and Davis, near the rear of which was a large door that was used as a means of unloading and placing in the rear of the building goods, merchandise and articles used in the business. Prior to the purchase of the north portion of the lots by Allhands and Davis, a driveway had been maintained by Mrs. Owen running west from Peak Street and alongside the north wall of her building as a means of approach to the large door in the north side and near the rear or west end thereof by trucks, wagons and other vehicles. On the same day and simultaneously with the execution of the deed by Mrs. Owen to Allhands and Davis, the parties executed and acknowledged the easement contract involved in this suit in which it was stipulated that Allhands and Davis owned the north ninety feet of the two lots, describing the same by metes and bounds, and that Mrs. Owen owned the fifty-five and one-half feet lying immediately south thereof, and that the parties had mutually concluded and agreed with each other to lay out and leave open a strip of land at the rear end of the property owned by Allhands and Davis, where it joined the property of Mrs. Owen, ten feet in width and extending from Peak Street, which ran along the front of Mrs. Owen's property, one hundred nine feet and four inches back to the rear or west line of the respective properties, the ten foot strip to be used as a passageway and to be located on five feet of the property owned by each of the parties, that is, half of the ten foot passageway to be located on the property of Allhands and Davis and half of it to be located on the property of Mrs. Owen. This had reference to the driveway that was then being maintained and used by Mrs. Owen. It was provided in the contract that the passageway should at all times thereafter remain open for the mutual use and accommodation of the two described tracts of land and of the respective owners and occupiers of the same. Upon the portion of the lots sold to Allhands and Davis there were located three buildings which faced Ross Avenue on the north and extended back south to within about eighteen feet of Mrs. Owen's building. Peak Street runs at right angles to Ross Avenue and the building owned by Mrs. Owen faces Peak Street. There was a vacant space of about eighteen feet between the rear of the Allhands and Davis Buildings and Mrs. Owen's building but the easement contract contemplated the appropriation of only the south ten feet thereof.

By mesne conveyances appellant, Mrs. Howard, is now the owner of the building and portion of the lots retained by Mrs. Owen when she sold to Allhands and Davis, and appellee, Young, is the owner of the north ninety feet of the lots conveyed by Mrs. Owen to Allhands and Davis. The record shows that under a lease contract, appellants were occupying one of the buildings owned by appellee, facing Ross Avenue, at a rental of $35 a month and, shortly before this suit was filed, but some months before the lease contract would expire, appellee requested appellants to cancel the lease and vacate the building in order that he might lease it to other parties at a rental of $300 per month. Appellants took the matter under consideration but did not indicate their willingness to accede to the request and, after some three or four weeks, appellee erected a barricade across the entrance to the driveway, thus preventing appellants or their tenants from entering the same and depriving them of the privilege and convenience of using the large door near the rear of their building for the purpose of loading and unloading materials necessary to be placed in, and removed from, the building.

A temporary injunction was issued by the court but a temporary adjustment of some kind was made and the suit proceeded principally upon the issue of whether or not appellants were entitled to use the driveway. The case was submitted to the court without the intervention of a jury and resulted in a judgment denying appellants any relief, to which they duly excepted, gave notice of appeal, perfected an appeal to the Court of Civil Appeals of the Fifth District at Dallas, and the case was trans-

ferred to this Court by order of the Supreme Court.

The first contention presented by appellants is that the court erred in denying them a judgment reforming the easement contract entered into between Mrs. Owen and Allhands and Davis December 1, 1932, in which an alleged mutual mistake of the parties was made in describing the land set apart therein as an easement or driveway for the accommodation of all of the parties in approaching the rear portion of their respective properties. It is obvious from the record that a driveway or passageway of some kind is necessary for appellants' proper use and enjoyment of their building. The only other approach to its rear is through the front doors. The only rear opening is located in its north wall near the rear and it was to secure continued access to the rear door that Mrs. Owen desired the ten foot driveway. The easement contract shows clearly that at the time it was entered into, both Mrs. Owen and Allhands and Davis thought the ten foot strip would occupy five feet on the north portion of Mrs. Owen's property and five feet on the south end of the property of Allhands and Davis. In 1935 Davis had a survey made of the strip of land being used as a driveway and it revealed the centre line thereof ran diagonally from three feet nine inches north of Mrs. Owen's building at the east end to one and four tenths feet north of its northwest corner and that, instead of each of the properties contributing five feet to the driveway, the property of Mrs. Owen contributed a smaller amount and that of Allhands and Davis contributed a larger amount. The court found that the claims of appellants constituted a cloud upon the title of appellee's property, and that, by reason of the fact that appellants had refused to make available the full five feet off of their property as provided by the easement agreement to compose the driveway, the easement contract and the obligations imposed by it upon the appellee had ceased to exist, and that the same should be cancelled and held for naught. In this, as well as in its refusal to reform the easement contract so as to make it cover the land contemplated by the parties when the contract was executed, we think the court erred.

Courts of equity have always exercised jurisdiction over mutual mistakes and granted the relief of reforming written instruments by ascertaining the intent of the parties who executed them and conforming the writing to the real contract which they intended to make. Latham v. Butler, Tex. Civ.App., 17 S.W.2d 1083. The purpose of doing so is to adjust the instrument to the conditions of fact and make it effective to carry out the true purpose which the parties intended to express. The record in this case shows that when appellants' building was erected, several years before Mrs. Owen sold the north portion of the lots to Allhands and Davis, Mrs. Owen and her tenants used the driveway to reach the rear door in the north side and near the rear of the building now owned by appellants. As we have already said, it was the only practical means of loading and unloading materials into the building. When Mrs. Owen sold the north part of the property to Allhands and Davis, she retained the right to use the driveway and, when it was ascertained in 1935 that the easement contract did not correctly describe the land occupied by the driveway, Davis, who conducted all of the negotiations for himself and Allhands, acquiesced in the continued use of the driveway and agreed that the trucks might continue to be driven over it regardless of the fact that slightly more of their land was included in it than was thought to be included when the easement contract was executed. The contract and the testimony clearly indicate that, regardless of the legal description of the tract, a strip of land at the rear end of the property of Allhands and Davis, where it adjoined the property of Mrs. Owen, ten feet in width and extending from Peak Street in a westerly direction, as it was then being used, should be set apart and devoted to the driveway. The contract specifically provided that the purpose of establishing the driveway was to accommodate both Mrs. Owen and Allhands and Davis in their use of their respective properties and no question was raised nor objection offered to the use of the land as actually devoted

to the driveway when it was ascertained that it took slightly more off of the Allhands and Davis property than was contemplated when the contract was made. There is no suggestion in the evidence that the thought was entertained by anyone that, if five feet was not available on Mrs. Owen's property north of her building for the driveway, she would tear down her north wall or move it back in order to make it so.

Appellee invoked the four years statute of limitation. Article 5529, R.C.S. 1925, in bar of appellant's right to have the easement contract reformed. That article provides every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterwards. It has many times been held by our courts that its provisions apply to suits for reformation or correction of written instruments, but in our opinion it does not apply to this case for two reasons. First, the suit was not only to reform the easement contract, but was instituted for the purpose of removing the cloud cast upon appellant's title and right to the easement by virtue of the mutual mistake made when it was executed, and secondly, the record shows that appellants and their predecessors in title have at all times been in possession of the right and title to the easement involved. It is well established by the decisions that, where one owns land, is in possession of it, exercising all of the acts of dominion and ownership, and his title has not been repudiated or questioned, the statute of limitations does not run against his equitable right to have removed from his title a cloud cast thereon by a mutual mistake in a deed or other instrument appearing in his chain of title. Payne v. Ross, 10 Tex.Civ.App. 419, 30 S. W. 670; Riggs v. Polk, 3 Tex.Civ.App. 179, 21 S.W. 1013; Strickland v. Baugh, Tex. Civ.App., 169 S.W. 181; Holman v. Criswell, 15 Tex. 394, 395; Pannell v. Askew, Tex.Civ.App., 143 S.W. 364; Texas Co. v. Davis, 113 Tex. 321, 254 S.W. 304, 255 S. W. 601; State Mtg. Corporation v. Ludwig, 121 Tex. 268, 48 S.W.2d 950; Luker v. Anderson, Tex.Civ.App., 10 S.W.2d 149.

The rule is well established by the authorites above cited and by many others that the injury giving rise to a cause of action from a cloud upon ones title to real estate is continuing and is, therefore, never barred by limitation as long as the cloud exists. In case of Payne v. Ross, supra, it appeared that, more than ten years before the suit was filed, a grantor had sold and, by two deeds, conveyed to the same vendee two certain lots, both of which were described by metes and bounds. In describing the second lot which lay east of the first lot, the field notes began at the northwest corner of the first lot when it was intended by all parties to the transaction that they should have named the northeast corner of the first lot as the beginning point. Plaintiff therein alleged that, by reason of the mutual mistake, a cloud was cast upon his title to the second lot and the court held he was entitled to a judgment correcting the description in the deed and removing all cloud from the title to his land. In the case of Texas Co. V. Davis, supra, (113 Tex. 321, 254 S.W. 304, 309, 255 S.W. 601) Justice Greenwood, speaking for the Supreme Court, said:

"Limitation has not barred the cross-action of plaintiffs in error to remove the cloud cast on their titles by the claim of defendants in error. Such claim seems to have arisen within four years next preceding the filing of the cross-action. Moreover, we prefer to follow the rule, which appears to be sustained by the weight of authority, that since the injury from a cloud on the title to real estate is continuing the cause of action for its removal is likewise continuing, and never barred while the cloud exists."

The record shows that the easement contract here involved was immediately placed of record in the deed records of Dallas County and the driveway existed continuously from long before the contract was executed until appellee closed it by erecting a barricade at the entrance from Peak Street. Although the title to appellee's property changed hands several times after Mrs. Owen conveyed it to Allhands and Davis, all of the owners, including appellee, had both actual knowledge and constructive

notice of its existence. Appellee is therefore bound by the contract and, since the driveway was at all times open and visible, he likewise had notice of the mutual mistake that was made when the contract was executed.

The rule prevails in many states that where a grantee and his assigns have been in continuous, peaceable and uninterrupted possession of premises which, by mutual mistake, was not properly conveyed by his deed, without ever having his title or possession questioned, the statutes of limitation do not bar a suit to correct the mutual mistake, even though the question be not presented upon the theory that a cloud is cast upon the title by virtue thereof. Epperson v. Epperson, 161 Mo. 577, 61 S.W. 853; Wykle v. Bartholomew, 258 Ill. 358, 101 N. E. 597; Jentzsch v. Roenfanz, 185 Wis. 189, 201 N.W. 504; Newbern v. Gould, 162 Okl. 82, 19 P.2d 157; Hill v. Clark, 106 S.W. 805; Carr v. Burris, 148 Ky. 232, 146 S.W. 424.

■ We have not been cited to any case in Texas where our courts have announced that rule but, in a number of the Texas cases we have cited above, relief of reformation was granted to remove cloud from title when the only cloud alleged was cast thereon by a mutual mistake in a deed or contract. It would seem therefore, that in such cases the allegation to the effect that a cloud was cast upon the title by the mutual mistake would be a mere fiction and wholly unnecessary. If the right generally to remove a cloud from title is continuing in the owner of land who has at all times since the cloud was cast thereon been in possession of it and exercising all of the acts of ownership and dominion over it, and a mutual mistake in a deed or contract in a chain of title constitutes a cloud upon the title, we conceive of no reason why the same right should not exist and be continuing in such an owner directly to reform a deed or contract pertaining to his title in which a mutual mistake occurs, without reference to the fact that such mutual mistake constitutes a cloud upon his title.

Appellants contended in the trial court, and contend here, that they were entitled to judgment perpetuating the easement under the doctrine of prescription, estoppel, implication and by virtue of an alleged oral agreement therefor but, in view of the conclusion we have expressed, we deem it unnecessary to discuss the remaining assignments or error. From what we have said it is apparent that, in our opinion, the court below erred in denying appellants a judgment removing the cloud cast upon their title to the easement and reformation of the easement contract, for which the judgment will be reversed. The case seems to have been fully developed and no purpose could be served by another trial. Judgment will therefore be here rendered removing the cloud and establishing and perpetuating the easement and passageway ten feet in width and one hundred nine feet and four inches in length lying immediately north of and adjoining appellants' building.