Coke L. GAGE, Appellant,

v.

Ida Ball OWEN et vir, Appellees.

No. 16665.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 29, 1965.

Rehearing Denied Dec. 3, 1965.

Sewell & Forbis, and James E. Forbis, Decatur, for appellant.

Anderson & Connell and Henry J. Anderson, Jr., Wichita Falls, for appellees.

LANGDON, Justice.

This is a Trespass to Try Title Suit involving an undivided interest in minerals. A summary judgment was granted. The appellant and the appellees will be referred to as defendant and plaintiffs respectively.

Two questions are presented. They pertain to the Court's action in granting the motion for summary judgment considered in the light of (1) the original action in trespass to try title to which defendant entered a plea of not guilty and (2) the defendant's cross-action. Error in either respect requires reversal.

In connection with the first question the defendant having entered a plea of not guilty was entitled to prove any legal or equitable defense available except limitation. In moving for summary judgment it was incumbent upon the plaintiffs to show that the defendant had no defense other than limitation. They failed to do so. Their evidence was confined to a showing that title vested in them in 1917 by virtue of the statute of descent and distribution and peaceable possession. Briggs v. Freeway Park Development Company, 366 S.W. 2d 270 (Fort Worth Civ.App., 1963, ref., n. r. e.); 56 Tex.Jur.2d, "Trespass to Try Title", p. 248, § 119.

Concerning the second question the plaintiffs did not meet their burden of showing with reference to defendant's cross-action that cross-plaintiff had no cause of action.

In the present suit the defendant filed its cross-action for (1) construction of a deed from plaintiffs to A. V. Grant, and (2) reformation of the deed from A. V. Grant. Thus, the plaintiffs with reference to the cross-action assumed the position of defendants and to support their motion for summary judgment had the negative burden of showing, as a matter of law, that the cross-plaintiff had no cause of action. They failed to do so. Neigut v. McFadden, 257 S.W.2d 864 (El Paso Civ.App., 1953, ref., n. r. e.); Achterberg v. Gillett, 322 S.W.2d 306 (El Paso Civ. App., 1959, ref., n. r. e., 159 Tex. 591, 325 S.W.2d 384); Seale v. Muse, 352 S.W.2d 534 (Dallas Civ.App., 1961, ref., n. r. e.); 45 Tex.Jur.2d, "Pleading", p. 653, § 145.

The plaintiffs filed no formal answer to defendant's cross-action. They merely

excepted to the allegations contained in it. They offered no evidence showing that defendant had no cause of action with respect to either of the causes asserted.

■ Plaintiffs did not deny that they never owned or claimed the Southwest Quarter described in the deed. Such being the case, extraneous evidence is necessary to identify what land belonged to the estate of B. B. Ball, deceased, at the time of his death. Strong v. Garrett, Tex.Civ.App., 224 S.W.2d 471 (1949). By the terms of the 1940 deed the grantors conveyed "all that certain land in Montague County, Texas, tract of land, being our undivided interest in the estate of B. B. Ball, deceased, out of the William Marlett Survey and (description)—Second Tract: The Southwest Quarter of the W. R. Powell Survey, Abstract 590." Thus whether or not Ball owned an interest in the Southeast Quarter of the Powell Survey becomes, therefore, a material fact and one which was put in issue by the plaintiffs' refusal to admit or deny Ball's ownership of this tract and the defendant's counter-affidavit asserting Ball's ownership of same.

The defendant in his cross-action alleged that plaintiffs never owned or claimed any interest in the Southwest Quarter of the Powell Survey (which is what the specific description in the 1940 deed purports to describe as the "Second Tract"), and plaintiffs have never denied this. The defendant also contended, and plaintiffs have not denied, that B. B. Ball never owned any interest in the Southwest Quarter of such survey but only in the Southeast Quarter of same.

■ In his cross-action for reformation the defendant pleaded that neither he nor his predecessors knew of the mistake until the present suit was filed. The plaintiffs contend that an action to reform the deed is barred by the four-year statute of limitations. This was assigned as the basis of one of plaintiffs' exceptions to defendant's cross-action. " * * * one asserting limitation under R.S. art. 5529 in such instances as this has the burden of proving that the owner knew, or by the exercise of due care should have known, of the existence of the mistake for the full four-year period before the filing of the suit to correct it; (citing authority) * * * ." Reese v. Granau, 27 S.W.2d 591 (Galveston Civ. App., 1930, error dism.). No effort was made to do so.

■ It is likewise well established that the statute of limitations will not run against the right of a purchaser of land who entered into possession, and whose title has never been disrupted, to have the description in the deed corrected to make it conform to the original intention of the parties. Payne v. Ross, 10 Tex.Civ.App. 419, 30 S.W. 670 (1895, no writ hist.). The affidavits of the plaintiffs on their motion for summary judgment show only that B. B. Ball and his heirs maintained peaceable possession of the tract up until approximately 1940 and does not attempt to contend or show that they presently have or maintain, or since 1940 have had or maintained, possession of the land in dispute or any portion thereof.

■ Thus, under the last two cases cited above, to meet their burden of showing defendant had no cause of action on his cross-action, it was incumbent upon the plaintiffs below to show first that defendant or his predecessors knew, or in the exercise of ordinary care should have known, of the mistake for the full four-year limitation period, and (2) that the defendant and his predecessors in title had not been and remained in peaceable possession of the land in dispute since the execution of the deed in 1940. The plaintiffs failed to do either of these things.

■ Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The burden of proof is on the movant and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41 (Sup.Ct., 1965); Tigner v. First Nat. Bank of Angleton, 264 S.W.2d 85 (Sup.Ct., 1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Company v. Kinsel, 369 S.W.2d 19 (Sup.Ct., 1963). If the motion involves the credibility of affiants or deponents, or the weight of the showings on a mere ground of inference, the motion should not be granted, and all conflicts in the evidence are disregarded, and the evidence which tends to support the position of the party opposing the motion is accepted as true. Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286 (Sup.Ct., 1957).

Judgment is reversed and the cause remanded.