Mahlon L. **WALTERS**, Appellant,

v.

Luvenia Allsbrook **PETE**, Appellee.

No. 8379.

Court of Civil Appeals of Texas, Texarkana.

Jan. 18, 1977.

Rehearing Denied Feb. 22, 1977.

L. F. Burke, Longview, for appellant.

J. R. Cornelius, The Cornelius Law Firm, Jefferson, for appellee.

RAY, Justice.

The opinion formerly delivered in this cause on November 23, 1976, is withdrawn and the following is substituted therefor.

This is a trespass to try title case. Luvenia Allsbrook Pete, appellee (plaintiff), brought suit against C. R. Newland, the predecessor in title of appellant (defendant), Mahlon L. Walters. The suit was commenced in 1962 and Newland conveyed the land to Walters in 1970. Walters and Pete both filed motions for summary judgment which were overruled by the trial court. Thereafter, the case was tried to the court without the aid of a jury. The trial court entered judgment for Appellee Pete. Appellant Walters submits twelve points of error for our consideration. The judgment of the trial court will be reversed.

Appellant and appellee both claim title to the same tract of land in Marion County. Appellee Pete has long claimed the tract, but under a mistaken impression that the tract was accurately described in her deed. The predecessors in title of Appellant Walters have long held a deed accurately describing the tract, but under a mistaken impression that the deed describes a separate, nearby tract upon which the predecessors in interest had made their home. Title to this second nearby tract is not in issue.

The common source of title of the parties was Charles W. Ray. The divergent interests were created in 1944. In March of that year, Ray conveyed to O. S. Delamer the tract of land subsequently conveyed to Appellee Pete. In June of 1944, Ray conveyed to John and Rosie Alford the tract subsequently conveyed to Newland and finally to Appellant Walters. All deeds were promptly filed and recorded.

The Alfords took possession of and resided upon a tract of land some 200 feet south of the tract described in their deed from Ray. The appellee has never resided upon the tract described in her deed or the tract described in the Alford deed. She believed, however, that she owned the land described in the Alford deed.

The tract of land actually described by Appellee Pete's deed was not owned by her grantor, Ray. The appellee contends that the description as it stands is the product of a scrivener's error. The tract as conveyed to both Delamer and to Appellee Pete is described by metes and bounds as follows:

> All that certain lot, tract or parcel of land lying and being situated in the County of Marion and State of Texas, a part of the Miles Reed Headright Survey described as follows:

> BEGINNING at the Northeast corner of a tract now owned by Charles W. Ray and in the South margin of the Jefferson-Gilmer road;

THENCE South 121 vrs to a stake for corner;

THENCE East 163.4 vrs to a stake for corner;

THENCE North 121 vrs to corner in the South margin of Jefferson-Gilmer road and the same being the Northeast corner of a 2 acre tract;

THENCE West with said tract 163.4 vrs to the place of beginning, containing 3.50 acres of land.

The appellee asserts that the second and fourth calls, that is the East and West calls, were mistakenly reversed. If this were the case, then a corrected deed would describe land formerly included in the Ray holdings, the same land, in fact, described in the Alford deed.

No error in or conflict between deeds and holdings was known until Newland succeeded to the tract described in the Alford deed in 1962. At that time Newland dispossessed Appellee Pete, and she responded by filing a trespass to try title suit.

The trial court agreed with Appellee Pete's contention that her deed contained scrivener's errors which should be corrected, and that her claim to the tract of land, then described by both the Delamer-Pete deed and the Alford-Newland-Walters deeds, was superior.

Findings of fact and conclusions of law were filed in support of the judgment.

■ This case involves parties other than the original grantor and grantee. The deed from Charles W. Ray to O. S. Delamer under which Appellee Pete claims is not ambiguous on its face. The deed was thus a legally binding written instrument not subject to being varied, added to or contradicted by parol evidence under the pleadings in the case before us. *Ulbricht v. Friedsam,* 159 Tex. 607, 325 S.W.2d 669 (1959).

Appellee contends that the deed from Ray to Delamer should be construed as a matter of law to have contained latent ambiguities which became apparent when the description was applied on the ground and that by the use of parol evidence the East and West calls in appellee's deed should be exchanged such that appellee would then be the holder of the superior legal title to the land claimed by Appellant Walters. Appellee states that it is the duty of the court to construe the deed so as to make the deed cover the land it was intended to convey.

In 49 Tex.Jur.2d, Records and Registration Acts, Sec. 98, pp. 428–429, it is stated:

"Registration of an instrument is not constructive notice of a conveyance or encumbrance of property differing from that described in the recorded instrument, as where there is a substantial discrepancy between the property intended and that described in the instrument, or where there is a mistake in a call in a deed and there is nothing on the face of the instrument to indicate what was intended, or, again, where the terms of description, though not ambiguous in themselves, require a complete reformation in order to express the intention of the parties."

■ The rule permitting latent ambiguities or mistakes in a deed to be explained or corrected as between the parties does not affect third persons having no notice of the ambiguity or mistake, and who have only such constructive notice as the record gives. *Neyland v. Texas Yellow Pine Lumber Co.,* 26 Tex.Civ.App. 417, 64 S.W. 696 (1901, no writ).

■ The deed under which Appellee Pete claims was not in Appellant Walters' chain of title and since the Ray-Delamer-Pete deeds contained no ambiguities on their faces which would put Walters on inquiry about Pete's claim, the mere registration of those deeds would not constitute constructive notice that Pete was claiming the land to which Walters had secured a deed. Since Walters was a stranger to the original transaction, he is not charged with notice of the latent ambiguity because he is only charged with such constructive notice as the record itself gives. *Neyland v. Texas Yellow Pine Lumber Co.,* supra. Here, there is nothing that appears on the face of the deed from Ray to Delamer which would

have caused Walters to be aware of any latent ambiguity or mistake or which would incite him to an inquiry which would have cleared up the latent ambiguity. Thus, he was not required to look any further than his own chain of title to determine whether or not he was acquiring good title to his property.

■ To recover in a trespass to try title case, the plaintiff must recover on the strength of his own title. *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226 (1961). He may recover by (1) proving a regular chain of conveyances from the sovereign, (2) by proving a superior title out of a common source, (3) by proving title by limitations, or (4) by proving prior possession without abandonment. *Land v. Turner*, 377 S.W.2d 181, 183 (Tex.1964).

■ Appellee Pete has never resided on or occupied the land in question. She does not assert prior possession or title by limitations. Appellee relies on superiority of title out of a common source, but admits that her deed as written does not accurately describe the tract. Reformation, then, was a condition precedent to appellee's right of recovery. *Cleveland State Bank v. Gardner*, 286 S.W. 173 (Tex.Comm.App. 1926, opinion adopted); 87 C.J.S. Trespass to Try Title § 4, p. 1123. It is, however, within the power of the court to reform an instrument relied upon in trespass to try title when the deed contains a mutual mistake of fact, *Spain v. Fuston*, 242 S.W.2d 892 (Tex.Civ.App. Fort Worth 1951, no writ), provided the parties are before the court and limitation has not barred the action. *Alfalfa Lumber Co. v. Mudgett*, 199 S.W. 337 (Tex.Civ.App. Amarillo 1917, no writ).

■ The four-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5529, applies to actions for reformation of deeds. *Mathis v. Stockdick*, 189 S.W.2d 106 (Tex. Civ.App. Galveston 1945, writ ref'd). It has been said to be well established, however, that the statute of limitations will not run against the purchaser of land who enters into actual possession and occupies the land

and whose title is never disrupted. He may have a description in his deed corrected to conform to the original intent of the parties. *Gage v. Owen*, 396 S.W.2d 189 (Tex. Civ.App. Fort Worth 1965), 435 S.W.2d 559 (Tex.Civ.App. Fort Worth 1968, writ ref'd n. r. e.); *Payne v. Ross*, 10 Tex.Civ.App. 419, 30 S.W. 670 (1895, no writ). The appellee did not know of the error in her deed until she was dispossessed in 1962.

■ When appellee filed her suit in 1962, she alleged that she was dispossessed of the 3.5 acre tract previously described by metes and bounds in this opinion. Appellee did not seek reformation in her original petition. Subsequently, on October 4, 1974, appellee filed her first amended original petition stating that she had been dispossessed on July 31, 1970, of a 3.5 acre tract of land. In her original petition she had described the tract as it was conveyed to her but which she later asserted in her amended petition contained erroneous east and west calls. In the amended petition appellee purported to describe the tract with the correct calls and sought reformation of the description of the tract in her deed from Delamer. It is clear from appellee's amended petition that if she were dispossessed of the correctly described tract on July 31, 1970, but did not seek reformation until the filing of her amended petition on October 4, 1974, the four-year statute of limitations would have run and she would be barred from her recovery action.

In *Kirk v. Head*, 137 Tex. 44, 152 S.W.2d 726, 729 (1941), it was stated:

"It is the general rule that the pleadings in a particular case, for the purpose of use as such in that case, are to be regarded as judicial admissions, rather than just ordinary admissions."

We therefore conclude that appellee has judicially admitted that she was dispossessed of the property she claimed on July 31, 1970, and that she did not bring her suit for reformation until October 1974, a period of time in excess of four years. Appellee's cause of action for reformation was thus barred by the four-year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5529.

■ It is a familiar rule that reformation of a written instrument will not be granted when to do so would disturb the rights of a bona fide purchaser. *Marchman v. McCoy Hotel Operating Co.*, 21 S.W.2d 552 (Tex.Civ.App. Fort Worth 1929, no writ); *Henderson v. Odessa Building & Finance Co.*, 24 S.W.2d 393 (Tex.Comm.App. 1930, opinion adopted); *Miles v. Martin*, 159 Tex. 336, 321 S.W.2d 62 (1959).

■ Under certain circumstances the law will presume that a party is an innocent purchaser for value and in such cases a party may generally rely upon his right as a bona fide purchaser without pleading it. *Valley Ready-Mix Concrete Co. v. Valley State Bank*, 227 S.W.2d 231 (Tex.Civ.App. San Antonio 1950, no writ). It is the rule in this state that the burden of proof is on the one who attacks the legal title to land and asserts a superior equity therein based upon a mistake in a prior deed, to show that the holder of legal title is not a bona fide purchaser. *Cities Service Oil Co. v. Dunlap*, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196 (1939); *Miles v. Martin*, supra; 59 Tex. Jur.2d, Vendor and Purchaser, Sec. 813, p. 329.

■ In the instant case, appellee (plaintiff), Pete, had the burden of pleading, proving and getting findings from the trial court not only that Pete's deed was the result of a scrivener's error, but also was required to show that Appellant Walters was not a bona fide purchaser or that Walters purchased the land with notice of Pete's claim. Appellee Pete mistakenly thought that the defense of bona fide purchaser was one to be asserted by Appellant Walters and that since Walters failed to do so, Walters could not complain. The rule is, however, that:

> "One who claims an equitable interest or title as against a subsequent purchaser of the legal title assumes the burden of showing that the latter was not an innocent purchaser, that is, that he did not pay value or that he purchased with notice of the equity, or notice of such facts as would put a prudent man on inquiry."

59 Tex.Jur.2d, Vendor and Purchaser, Sec. 813 p. 339.

*Scull v. Davis*, 434 S.W.2d 391, 392 (Tex.Civ. App. El Paso 1968, writ ref'd n. r. e.). There are no pleadings by Appellee Pete asserting that appellant was not an innocent purchaser and there are no findings by the trial court that Walters was not an innocent purchaser. We therefore conclude that Appellee Pete failed in her burden of establishing that Walters was not an innocent purchaser; that it was her burden and she having failed to obtain findings that Walters, the holder of legal title, took same with notice of Pete's equity, Walters is entitled to have judgment here rendered in his behalf.

Appellant's twelfth point of error is sustained. The judgment of the trial court is reversed and judgment is here rendered that Appellee Pete take nothing.

CORNELIUS, J., not participating.