ACCEPTED
01-15-00404-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/2/2015 11:04:12 AM
CHRISTOPHER PRINE
CLERK

CASE NO. 01-15-00404-CV

_____

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/2/2015 11:04:12 AM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS
# FIRST DISTRICT OF TEXAS

_____

## MID PAC PORTFOLIO, LLC

### Appellant

## VS.

## PAULA WELCH AND CLYDE ALAN ASHWORTH

### Appellees

_____

### On Appeal From the

### 405th Judicial District Court

### Galveston County, Texas

_____

### REPLY BRIEF OF APPELLANT

_____

Michael Burns
Attorney at Law
State Bar No. 03447980
P.O. Box 992
Allen, Texas 75013
Phone: (214) 354-1667
Attorney for Appellant

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITES …………………………………………………….…….. ii

INTRODUCTION ………………………………………………………………..…1

ARGUMENT …………………………………………………………………………2

CERTIFICATE OF SERVICE……………………………………………………10

CEERTIFICATE OF COMPLIANCE……………………………………………10

# TABLE OF AUTHORITIES

**Cases**

*Elbaor v. Smith,* 845 S.W.2d 240 (Tex.1992)...................................................3

*Glenn v. Lucas*, 376 S.W.3d 268 (Tex. App. 2012) ........................................5

*Global Drywall Systems, Inc. v. Coronado Paint Co., Inc.*, 104 S.W.3d 538 (2003) ...................................................................................................................3

*Howard v. Young,* 210 S.W.2d 241, (Tex. Civ. App. 1948)...........................4

*Huston v. U.S. Bank Nat. Ass'n*, 359 S.W.3d 679 (1st Dist. Houston 2011). ...........8

*Mega Builders, Inc. v. American Door Products, In*c. 2013 WL 1136584 Houston 1st Dist. 2013)...........................................................................................6

*Morrison v. Christie,* 266 S.W.3d 89 (Tex.App.-Fort Worth 2008, no pet.) ...........5

*Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76 (Tex., 1989)…………………..8

*Schanzle v. JPMC Specialty Mortg. LLC*, WL 832170, (Austin 2011).....................8

**Statutes**

Tex. Civ. Prac. & Rem. Code §16.004(a)(1) ...................................................3

Tex. Civ. Prac. & Rem. Code §16.024 ........................................................3, 7

Tex. Civ. Prac. & Rem. Code §16.024 (a)(1) .................................................3

Tex. Civ. Prac. & Rem. Code §16.025…………………………………………...3,7

Tex. Civ. Prac. & Rem. Code §16.035(a)........................................................3

Tex. Civ. Prac. & Rem. Code § 37.009. ......................................................3, 9

Tex. Prop. Code § 51.006 (b)...........................................................................4

**Rules**

TRCP 736.9.........................................................................................................8

**Regulation**

12 CFR 1024.17 .................................................................................................7

## INTRODUCTION

Appellees Ashworth and Welch's Response brief fails to focus on any specific legal argument or issue that may have been decisive to the trial court's judgment. Consequently, in this Reply, Mid Pac Portfolio, LLC (Mid Pac) will only address issues raised in Ashworth and Welch's brief that have not already been covered in Mid Pac's brief and supplement a few of the issues that Mid Pac has already addressed.

One of the themes throughout Ashworth and Welch's Response is that there was some sort of illegal collusion between Mid Pac and Citigroup Global Markets Realty Corp. (Citigroup) in the transfer of the Deed in Lieu. As has been stated in Mid Pac's brief and will be addressed again in this Reply, there is absolutely no legal authority or summary judgment evidence to support this proposition.

Mid Pac's undersigned counsel explained in his testimony during the trial court's hearing on the parties cross Motions for Summary Judgment that this is a declaratory judgment suit filed by Mid Pac against Mr. Ashworth, Ms. Welch, Citigroup and Wells Fargo Bank, Minnesota NA, formerly known as Norwest Bank, Minnesota, NA as Trustee for Salomon Brothers Mortgage Securities VII, Inc. Floating Rate Mortgage Pass Through Certificates, series 1999 –LB1 (Wells Fargo) to clear the title to the property at issue into Mid Pac's name. (RR 6-21, 33-36). Citicorp was named as a Defendant to clear the title. Nothing more and nothing less.

1

# ARGUMENT

## MID PAC'S REPLY TO ISSUE 1:

The trial court was incorrect in granting Ashworth and Welch's Motion for Summary Judgment and denying Mid Pac's Motion for Summary Judgment.

## I. Mary Carter Agreement

Ashworth and Welch "Mary Carter" argument is confusing and unclear. Despite that there is no summary judgment evidence to support their position, Ashworth and Welch continue to claim that the "assignment" under which Mid Pac claims the property is unenforceable because it is a "Mary Carter Agreement". Mid Pac is not claiming anything under any "assignment". Mid Pac is trying to enforce the Deed in Lieu which it has possession of. The Deed in Lieu is not an assignment.

Ashworth and Welch apparently consider the stipulation between Mid Pac and Citigroup to be the "assignment". They contend that the stipulation is a "Mary Carter" agreement with Mid Pac as a "straw holder" of "a deed and mortgage package" so that Citigroup could enforce the Deed in Lieu through Mid Pac. This theory cannot be supported either factually or legally and is absolutely wrong.

A Mary Carter Agreement exists when a plaintiff enters into a settlement agreement with a defendant and goes to trial against the remaining defendant(s). The settling defendant remains a party in the case and retains a financial interest in a Plaintiff's recovery by guaranteeing the plaintiff a minimum payment which may be

offset by a judgment recovered at trial against the remaining defendants. *Elbaor v. Smith*, 845 S.W.2d 240 (Tex.1992); *Global Drywall Systems, Inc. v. Coronado Paint Co., Inc.*, 104 S.W.3d 538 (2003).

In this case, Ashworth and Welch have not produced any summary judgement evidence of a "Mary Carter" *type settlement agreement between Mid Pac and Citigroup or that Citigroup retained any financial interest in the outcome of the case*. The stipulation between Mid Pac and Citigroup does not come close to being a Mary Carter agreement because Citigroup disclaimed any interest in the Deed in Lieu and the property (CR15). The stipulation a factual statement in the trial court record that Citicorp had transferred its interest in the Deed in Lieu to Mid Pac and did not claim any further interest in the Deed in Lieu or the property covered by it.

## II.   Limitations

Ashworth and Welch have raised Tex. Civ. Prac. & Rem. Code §16.004(a)(1) (specific performance of a contract to convey property), Tex. Civ. Prac. & Rem. Code §16.024 (3 year adverse statute), Tex. Civ. Prac. & Rem. Code §16.024 (a)(1) (suit for specific enforcement), Tex. Civ. Prac. & Rem. Code §16.025 (5 year adverse possession), Tex. Civ. Prac. & Rem. Code §16.035(a) (lien enforcement) and Tex. Civ. Prac. & Rem. Code §16.051(four year residual statute) as statutes of limitation defenses. The applicability of Tex. Civ. Prac. & Rem. Code §16.004(a)(1), §16.024, §16.025 to this case have already been addressed by Mid Pac in its brief.

3

This is a suit by Mid Pac to clear the title to the property into its name. The rule in Texas has been for a long time that a cause of action to remove a cloud from the title to real estate is never barred by a limitation, including the four year statue under Tex. Civ. Prac. & Rem. Code §16.051, as long as the cloud exists. See, *Howard v. Young,* 210 S.W.2d 241, (Tex. Civ. App. 1948). Likewise, Tex. Civ. Prac. & Rem. Code §16.035 applies to a suit to foreclose a lien on real property and is not applicable to this case because Mid Pac is enforcing a Deed in Lieu not a lien.

The only statute of limitation relating to a Deed in Lieu is Tex. Prop. Code § 51.006 (b) which provides that *the holder* (Mid Pac) of a Deed in Lieu (*as opposed to the party who gives the Deed in Lieu, i.e Ms. Welch and Mr. Ashworth*) has four years *to void* the Deed in Lieu and foreclose under the deed of trust on which Deed in Lieu is based. This is a limitation on the holder of the Deed in Lieu *to void it* not *enforce it.*

## III.    Chain of Title into Mid Pac

Ashworth and Welch make an issue of lack of chain of title into Mid Pac. From Mid Pac's perspective, this suit has two distinct issues. The first is the interest that Ashworth and Welch have in the title to the property based on the 2003 settlement agreement and the Deed in Lieu. The second is whatever interest Citigroup and Wells Fargo have in the property.

4

Mid Pac has already addressed how title to real property is conveyed by delivery of a deed and how it acquired the Deed of Lieu from Citigroup. The undisputed summary judgment evidence is that Mid Pac acquired the Deed in Lieu from Citigroup and that Mid Pac has possession of the original Deed in Lieu (RR 9). Likewise,  Wells Fargo failed to dispute Mid Pac's title to the property by defaulting in the suit.

Mid Pac is asking for a Declaratory Judgment which provides that it is the owner of the property as to Ashworth, Welch, Citigroup and Wells Fargo. Whether there is a break in the chain of title to the property prior to Citigroup acquiring the Deed in Lieu is not an issue that needs to be resolved for Mid Pac to obtain the judgment that it is requesting. In addition, Ashworth and Welch have not explained why they can raise that issue to defeat Mid Pac's claim to the property.

## IV.    Illegality

Ashworth and Welch contend that the Deed in Lieu was illegal and unenforceable because the "only" way to foreclose a Texas Home Equity loan is through a "judicially supervised" foreclosure and because the loan was "improperly modified" when it was closed back in 1999.

Ashworth and Welch are wrong on both of these contentions. First, Texas Constitution Art 16-50A only states how a Texas Home Equity loan may be *foreclosed*. A Deed in Lieu is not a foreclosure. It is a method to transfer title to

property upon the default of a debt. See, *Glenn v. Lucas*, 376 S.W.3d 268 (Tex. App. 2012) *Morrison v. Christie,* 266 S.W.3d 89 (Tex.App.-Fort Worth 2008, no pet.). Second, Ashworth and Welch initiated the law suit and which led to the 2003 settlement. (CR 213) The Deed in Lieu was part of the settlement which resolved all claims in the suit and issues with the Ashworth and Welch's Texas Home Equity loan. (CR 237, 241, 242). If Ashworth and Welch had any claim as to the illegality of their loan, it was settled as part of the 2003 agreement.

## MID PAC'S REPLY TO ISSUE 2

The statements of Paula Welch relating to the payment of taxes on the property should not have been considered proper summary judgment evidence.

## FIVE YEAR STATUTE OF LIMITATIONS AND AND PAYMENT OF TAXES

Ashworth and Welch contend that the statements in Ms. Welch's affidavit that the funds used to pay the taxes on the property came from a *suspense* account and that the funds in the suspense account were hers were competent summary judgment evidence. This issue is covered in Mid Pac's brief. The points here supplement those in its brief.

A summary judgment affidavit is conclusory if it states a conclusion without any explanation or asks the court to take the affiant's word for it. *Arkoma Basin Exp. Co. v. FMF Assocs. 1990–A Ltd.,* 249 S.W.3d 380 (Tex.2008); *Mega Builders, Inc. v. American Door Products, In*c. 2013 WL 1136584 Houston 1ˢᵗ Dist. 2013). In their

6

brief, Ashworth and Welch contend that the tax payments came from Welch's *escrow* account rather than a *suspense* account as she states in her affidavit. This assumes that a lender's escrow account for a borrower is the same as a suspense account. This jump in logic is another illustration of why Ms. Welch's statements in affidavit are conclusory.

As Ashworth and Welch allude to their brief, it is common knowledge that lenders use escrow accounts to collect a borrower's taxes and insurance on property and then use those funds to pay the taxes and insurance directly to the taxing authority or insurance company when they are due. Escrow accounts are regulated extensively by a set of federal regulations which dictate how a lender is supposed to handle escrow accounts. See, 12 CFR 1024.17. There is no reference in the escrow account regulatory scheme which indicates that an escrow account is the same as a suspense account. Ms. Welch's affidavit is conculsory because there is no factual explanation in it explaining what an escrow account is, if one was set up in connection with her loan or what, if any, relation an escrow account has to a suspense account.

### TITLE TO PROPERTY REQUIREMENT UNDER <br> TEX.CIV.PRAC. & REM CODE §16.024 AND §16.025

Ashworth and Welch have correctly pointed out in their brief that Ms. Welch filed a supplement to her summary judgment affidavit attaching a 1991 deed of the property into hers and Jerry Welch's names and an Amended Order from 1994

7

admitting the Will of Jerry to probate. However, Ashworth and Welch and Welch have failed to explain in their brief how these documents satisfy the "title" or "color of title" requirement for Tex. Civ. Prac. & Rem. Code §16.024 or the "duly registered deed" for Tex. Civ. Prac. & Rem. Code §16.025.

In order for Ashworth and Welch to prevail on an adverse possession claim under §16.024 or §16.025, there has to be summary judgment evidence *that both Ms. Welch and Mr. Ashworth satisfied the title requirements for these statutes*. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76 (Tex., 1989) Even if the deed and probate documents Ms. Welch produced can somehow satisfy the title requirements of §16.024 or §16.025 for Ms. Welch, there is still no summary judgment evidence in the trial court record of the title to the property being in Mr. Ashworth's name at any point in time.

## MID PAC'S REPLY TO ISSUE 3:

The trial court should not have denied Mid Pac's Motion for Summary Judgment or granted and Ashworth and Welch's Motion on the basis of collateral estoppel.

Ashworth and Welch have raised the issue of whether the ruling in Case No. 06CV0224, *Citigroup Global Realty Markets Corp. v. Paula Welch and Clyde Ashworth* has any collateral estoppel effect on the issues in this suit under TRCP 736.9. Mid Pac has addressed this issue in its brief but will supplement the legal authority on the issue.

This Court has held that a lender has three options to foreclose on a home equity loan: (1) file a suit to judicially foreclose the loan; (2) file a suit or counterclaim seeking a final judgment which includes an order allowing foreclosure under the home equity security instrument and Tex. Prop. Code §51.002; or (3) an application under TRCP 736. *Huston v. U.S. Bank Nat. Ass'n*, 359 S.W.3d 679 (1st Dist. Houston 2011). The Austin Court of Appeals has also recognized that the denial of an application for a Rule 736 foreclosure that does not have any res judicata or collateral estoppel effect in any subsequent proceeding. *Schanzle v. JPMC Specialty Mortg. LLC*, WL 832170, (Austin 2011). Consequently, the trial court was clearly wrong if it based its ruling granting the Ashworth and Welch's Motion for Summary Judgment on some sort of res judicata collateral estoppel from the ruling in Case No. 06CV0224.

## CONCLUSION

Ashworth and Welch have failed to point out any conclusive summary judgment evidence or present any legal authority to justify the trial court's judgment in this case. Consequently, Mid Pac again requests that this Court reverse the trial court's judgment and render judgment for Mid Pac, award the costs of this appeal to Mid Pac and remand the case to the trial court to determine whether any of the parties should be awarded reasonable attorney fees and court costs at the trial court level pursuant to Tex. Civ. Prac. & Rem. Code § 37.009.

Respectfully submitted,

/s/ Michael Burns
State Bar No. 03447980
P.O. Box 992
Allen, Texas 75013
Phone: (214) 354-1667
E-mail: burnslaw@outlook.com
ATTORNEY FOR APPELLANT

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading was accomplished on the December 2, 2015 by the method and to the following as indicated:

Mark W. Stevens
P.O. Box 8118
Galveston, Texas 77553
E-mail: markwandstev@sbcglobal.net

/s/ Michael Burns

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this document was produced on a computer using Microsoft Word 2013 and contains 2609 words, as determined by the computer software's word-count function excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Michael Burns